THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JUAN ANGEL, Appellant.

County Court, Rensselaer County, April 12, 1950.

*Timothy F. O'Brien, District Attorney (Edward J. Poland* of counsel), for plaintiff.

*Stephen P. Vinciguerra* and *John T. Casey* for defendant.

HAMM, J. On March 8, 1950, a jury in the Police Court of the City of Troy found the defendant guilty of violating subdivision 5-a of section 70 of the Vehicle and Traffic Law. After the imposition of a sentence of thirty days in the Rensselaer County Jail the defendant was admitted to bail pending appeal.

The pertinent provisions of subdivision 5-a recite: " Any person operating a motor vehicle * * * who, knowing that injury has been caused to a person, due to the culpability of the person operating such motor vehicle * * * or to accident, leaves the place of said injury or accident, without stopping * * * is guilty of a misdemeanor. "

Before any witnesses were sworn the defendant, having first ascertained from the court that the information was unsupported by any deposition or depositions, moved to dismiss the information " on the grounds that it is upon information and belief and upon hearsay ".

, The information to which the motion was directed is, in its entirety, as follows:

" State of New York
County of Rensselaer   ss:
City of Troy

POLICE COURT OF THE CITY OF TROY

" Edmund M. Sullivan, a detective attached to the Troy Police Department residing in said City, County and State, makes oath and complains upon information & belief before the Police Justice of the City of Troy, N. Y., that on the 18th day of December, 1949, at the City of Troy aforesaid, one Juan J. Angel did then and there wilfully, wrongfully and unlawfully while operating an automobile bearing N. Y. State registration plates for the year 1949, numbered RP-49-27 in a northerly direction on 15th

street, between Eagle & Hutton streets, Troy, N. Y., and knowing that personal injury had been caused to Edmund Matthews due to his culpability in the operation of said automobile, did leave the place of said injury, without stopping, exhibiting his license, and giving his name, residence, including street and number, and license number to the said Edmund Matthews, or to a police officer, nor did he thereafter as soon as he was physically able report the same to the nearest police station or judicial officer, all in violation of Sec. 70, subd. 5A of the Vehicle & Traffic Law of the State of New York.

" The source of your deponant's information and the grounds for his belief is an investigation made by him in his capacity as a detective attached to the Troy Police Dept.

EDMUND M. SULLIVAN

Sworn to before me this 21st
day of December, 1949.

THOMAS J. O'CONNOR
Police Justice, City of Troy. "

What is required to confer jurisdiction upon a magistrate to issue a warrant is explained at page 370 of *Matter of Bennett* (258 App. Div. 368 [3d Dept.]) : " Less is required of an information than of a deposition. The former is merely an accusation, while the latter must set forth facts upon which the accusation is based. Some confusion has arisen because frequently an affidavit taken before a magistrate has been used to perform both the functions of an information and a deposition, and it is undoubtedly true that both may be contained in the same instrument if drawn with sufficient particularity. (*People ex rel. Livingston* v. *Wyatt* [186 N. Y. 383] *supra.*)

" However, if such a course is adopted the instrument used to confer jurisdiction must conform to both the requirements of an information and a deposition. A complaint which furnishes no legal evidence whatever of the commission of a crime by the person charged is insufficient upon which to base the issuance of a warrant (*People ex rel. Perkins* v. *Moss,* 187 N. Y. 410; *Tanzer* v. *Breen,* 139 App. Div. 10), and should, if it is to be used for such purpose, be supported by depositions as defined by statute. (*People ex rel. Brown* v. *Tighe,* 146 App. Div. 491.)

" This is not to say that a combined information and deposition cannot be made upon information and belief. It may be so made providing the sources of the information and the grounds of the belief are given. But even in such a case it must set forth facts and circumstances tending to show that a crime has been

committed, and that there are reasonable grounds to believe that the defendant has committed it. Allegations made purely upon hearsay do not meet the test. A statement upon hearsay is not a statement of fact, and cannot be considered legal evidence sufficient to require a defendant to answer. ''

The defendant's motion should have been granted. The information in this case necessarily was considered by the Magistrate as a deposition also, because he issued a warrant solely on the information unsupported by depositions. While, as an information, it was sufficient to warrant further inquiry, taking of depositions and subpœnaing of witnesses, if necessary, it was nevertheless defective as a deposition. It was defective because nothing whatever contained in the information indicated that it was not based entirely on hearsay. It was defective because the statement '' The source of your deponant's [*sic*] information and the grounds for his belief is an investigation made by him '' furnished no legal evidence whatever that a crime had been committed.

At the close of the People's case the defendant moved to dismiss on the further ground that no evidence of negligence had been introduced, whereas the information was based on negligence and not accident. It will be observed that the statute says '' due to the culpability of the person operating such motor vehicle * * * *or to accident* '', whereas the information uses only the phrase '' due to his culpability '', omits entirely the words '' or to accident·'' and contains no reference to accident.

It is the duty of the People to prove the defendant guilty as in an indictment or information charged. As a matter of fact, the verdict of the jury was '' guilty as charged '', but a careful examination of the testimony discloses that no evidence whatever of culpability was produced by the People. None of the witnesses available observed the transaction until the defendant's automobile had passed the place of collision.

In the absence of any proof of culpability on the part of the defendant as charged in the information the defendant was entitled also to a favorable ruling on his motion to dismiss at the close of the People's case.

For the reasons stated the judgment is reversed on the law and the facts.