THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES MICHAEL O'NEIL, Appellant.

County Court, Schoharie County, May 16, 1951.

*Golding & Lamont* for appellant.

*T. Paul Kane, District Attorney,* for respondent.

JOHNSON, J.  The defendant was convicted in a Court of Special Sessions in the town of Richmondville, Schoharie County, on March 28, 1951, of the crime of driving an automobile while intoxicated, in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law, and appeals from the judgment of conviction on the grounds of alleged insufficiency of the information and failure of evidence to support the conviction.

Trial was had before the Justice of the Peace without a jury, the People and the defendant being represented by counsel on the trial.  The defendant moved on the arraignment for a dismissal of the information, and the motion was renewed at the opening of the trial, and again at the close of the evidence, at which time the defendant also moved for discharge of the defendant on the ground there was not sufficient evidence to support the charge that the defendant committed the crime alleged, or any crime.  The motions were in each instance denied, and the defendant appeals from the rulings on these motions.

The court will first consider the question of the sufficiency of the information and the deposition filed therewith, which must constitute the basis for the jurisdiction of the court and the issuance of a warrant.

The complaining witness was a member of the New York State Police, who, on the 15th day of March, 1951, the day the offense was alleged to have been committed, filed with CHARLES PHELAN, Esq., a Justice of the Peace of the Town of Richmondville, an information and a '' deposition,'' both of which are set forth herein in full.  The information and deposition are loosely

drawn, and the wording, particularly of the deposition, is in many respects ambiguous. These documents, however, must be read together for the purpose of an adjudication as to their sufficiency. They are as follows:

INFORMATION

County of Schoharie  } ss.
Town of Richmondville }

Be it recommended, that I, R. E. Lund, residing in the Town of Cobleskill, County of Schoharie, New York, now come before Charles Phelan, Esq., a Justice of the Peace of Richmondville in the County of Schoharie, New York, to give information under oath as follows:

That one James Michael O'Neil on the 15th day of March, 1951, at the public highway, Route 7 in the Town of Richmondville, County of Schoharie, at about 3:45 in the forenoon of said day did commit the crime of misdemeanor driving intoxicated Violation Section 70, subdivision 5 of the Vehicle and Traffic Law against the person and property of the State of New York wrongfully unlawfully willfully and knowingly did operate 1940 Ford Tudor bearing N. Y. registration 9F 19-10 upon the public highway while in an intoxicated condition. Said information is based upon investigation of the accident and conversation with James Michael O'Neil.

Wherefore, your informant prays that the depositions of informant and —————————— witness may be reduced to writing and duly subscribed and that a warrant issue for the arrest of said accused and that he be dealt with pursuant to the provisions of the Code of Criminal Procedure.

R. E. LUND, Complainant.

Sworn to before me this 15th day of March, 1951.

CHARLES W. PHELAN,
    Justice of the Peace.

DEPOSITION

State of New York  } ss.
County of Schoharie }

R. E. Lund of the Town of Cobleskill, aged 34 years occupation State Police being produced before me Charles Phelan a Justice of the Peace of the Town of Richmondville in said County as a witness on the information of R. E. Lund of the Town of Cobleskill, New York, duly filed being by me duly sworn deposes and says: On the 15th day of March, 1951, I investigated a one car accident on Route 7 Town of Richmondville happened 3:45 in the forenoon. Car ran off right side of road. O'Neil was at the residence of Oscar Hendrickson when interviewed and refused to go with the officer when questioned and instructed by the officer. Said O'Neil was noticed to be in an intoxicated condition.

R. E. LUND.

Sworn to before me this 15th day of March, 1951.

CHARLES W. PHELAN,
    Justice of the Peace.

The complainant first sets forth in the information, in the usual manner, the jurisdictional facts as to the time and place of

the commission of the alleged offense, and specifies the crime charged. He then states that the defendant did operate a specified motor vehicle on the public highway " while in an intoxicated condition." He then goes on to say that the information is based upon " investigation of the accident and conversation with James Michael O'Neil." This places a further burden upon the complainant to show the sources of his information and the grounds for his belief, which he attempts to do in the " deposition."

It is well established that while an information may be made upon information and belief, the information and deposition must contain enough information to show that the complainant is acting in good faith and that his grounds for believing that a crime has been committed are in fact reasonable (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383), and that an information based upon hearsay alone is defective. It must also be recognized that " the evidence before the magistrate must be the same in kind or quality, though not necessarily the same in degree as would be required for a conviction " (*People ex rel. Jacob* v. *McGirr,* 39 Misc. 471, 473), and it was held in *People* v. *Angel* (197 Misc. 985) that an information based solely upon an allegation of " investigation " was insufficient.

It is conceded that there was more before the Magistrate here than in the *Angel* case. The most recent case cited, or which has come to the attention of the court, in which an information and deposition have been considered by the Appellate Division, is *Matter of Bennett* (258 App. Div. 368), in which the Appellate Division unanimously held that the information and deposition there were defective as being based entirely upon hearsay. The question here is whether the information and deposition contained sufficient factual matter to bring them outside of the hearsay rule and satisfy the requirements of the Code of Criminal Procedure. While the magistrate may not read into the information or deposition before him any matters which do not specifically appear therein, he may read the information and deposition as a whole and reasonably interpret the language and resolve the ambiguities in a reasonable way and in the light of the entire language of the documents.

This court has very carefully read and reread the information and deposition here and in the *Bennett* case, and is of the opinion that in addition to the formal allegation of the crime charged, the Justice of the Peace could reasonably find from the face of the information and deposition that the complaining witness personally observed the defendant at some unspecified time on

the day on which the crime was alleged to have been committed; that he observed the car alleged to have been driven by the defendant; that certain acts were committed by the defendant in the presence of the complaining witness; and that the information was based, at least in part, upon facts within the personal knowledge of the complaining witness, which facts, while not necessarily the same in degree or sufficient, standing by themselves, to sustain a conviction, are of the same kind and quality as would be required for such conviction.

This court, therefore, while not approving the loose and indefinite manner in which the information and deposition were drawn, is constrained to hold that they were sufficient to satisfy the requirements of the Code of Criminal Procedure and to confer jurisdiction upon the Justice of the Peace to issue a warrant.

As to the sufficiency of the proof, the Justice of the Peace had jurisdiction to hear and determine the facts. There is proof in the record as to acts of the defendant, and statements and admissions made by him, and proof by inference as to the manner of operation of the automobile in question. While the evidence was largely circumstantial, there appearing to have been no witnesses to the actual operation of the automobile by the defendant, there is sufficient proof in the record to justify the conviction. The Justice of the Peace was the sole trier of the law and facts. Where there is no failure of substantial proof to justify the verdict, the appellate court cannot assign a reasonable doubt to the mind of the trial judge.

The motions of the defendant for dismissal were properly denied, and the judgment of conviction and the sentence imposed thereon are confirmed.