■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY YOUNG, Appellant.—Mahoney, P. J. Appeals (1) from a judgment of the County Court of Fulton County (Best, J.), rendered November 9, 1982, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree, and (2) by permission, from an order of said court, entered February 8, 1985, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

On March 9, 1982, James Schubert, a 21-year-old retarded male who lived with defendant, defendant's brother (David Young) and Veronica Dewey in a house on Caroga Lake in Fulton County, was found dead. The Sheriff's Department transported the body to Nathan Littauer Hospital where Dr. S. S. Choi, a pathologist, performed an autopsy. Choi's report indicated that Schubert died as a result of "acute, diffuse, peritonitis involving the entire peritoneal surface". Though the cause of the peritonitis was listed as "undetermined", the report noted a "history of traumatic injury into the abdomen" and "intramural, extensive", as well as "acute G. I. hemorrhages" and "extensive contusions of lower extremities". The death certificate noted "massive peritonitis" and a "perforated small intestine".

During March of 1982, the Sheriff's Department conducted an extensive investigation. Statements taken, along with tissue sections and photographs of the autopsy, were forwarded by the District Attorney to Dr. J.N.P. Davies, a private consultant, for his review. Davies' report, dated May 4, 1982, prompted the District Attorney to apply to County Court for an order to exhume Schubert's body for further examination. On May 6, 1982, the date of the exhumation, Davies conducted a second autopsy at Albany Medical Center. Davies' report corroborated the earlier findings of Choi and also noted that he found "extensive traumatic bruising * * * capable of causing intestinal rupture", as well as "bruises from blows inflicted recently, before death; one of these had fractured the 6th right rib".

Based on the nature and extent of Schubert's injuries and numerous statements of people who had known Schubert, defendant, David Young and Veronica Dewey, the case was presented to the Grand Jury, which returned an indictment charging the three individuals with murder in the second degree. On October 5, 1982, the day set for jury selection,

defendant pleaded guilty to manslaughter in the first degree and was sentenced to an indeterminate term of imprisonment of 8⅓ to 25 years. An appeal was taken from the judgment of conviction.

Thereafter, newly assigned counsel moved pursuant to CPL 440.10 to vacate the judgment of conviction. The motion was denied and permission to appeal therefrom was granted by a member of this court.

Initially, we note that defendant's allegations that he was denied the effective assistance of counsel must be reviewed from the perspective of a defendant who entered a plea of guilty. Accordingly, while we shall give full consideration to the New York standard that effective assistance of counsel means meaningful representation received as a totality, we must be cautious not to apply the standards relied on by defendant set forth in *People v Baldi* (54 NY2d 137), *People v Brown* (45 NY2d 852) and *People v Droz* (39 NY2d 457), since these cases discuss principles applicable to the effective assistance of counsel at trial.

Defendant's attorney had practiced law for 30 years and has extensive experience with criminal matters as a defense attorney, as an Assistant District Attorney for 10 years and as an acting District Attorney for one year. Here, among the steps taken by the attorney in representing defendant were: he commissioned a pathologist to examine the medical evidence and prepare a separate report on Schubert's death; he sought discovery of the People's two pathology reports as well as the tissue slides on which the reports were based; he sought to suppress certain physical evidence which Sheriff's Deputies had seized pursuant to a search warrant; he sought to suppress a statement that defendant made to law enforcement officers; and he also sought discovery by way of an omnibus motion and moved to compel the disclosure of social service records concerning Schubert. He also hired an investigator to prepare for trial. All of these acts are wholly consistent with providing effective assistance of counsel to a defendant in a criminal matter.

Only two events relating to the issue of effective assistance of counsel require further discussion. At the *Huntley* hearing, defense counsel moved to exclude the press from the courtroom. When the court refused to close the hearing, he consulted with his client as to the wisdom of waiving the hearing. When defendant left the matter to his counsel's discretion, the attorney waived the hearing. While we are not privy to the rationale employed by counsel, it is not difficult to perceive

that he weighed the disadvantages of making public the grisly details of the homicide to the residents of the small rural community where defendant's trial would be held against the remote possibility that such details would form the predicate for a motion to change venue. We cannot say that his decision to waive the *Huntley* hearing so disadvantaged his client as to constitute ineffective assistance of counsel.

Next, immediately prior to trial, Dewey agreed to make a full statement concerning the events leading to Schubert's death and to testify at trial against defendant. Prior to her statement, the prosecution had lacked an eyewitness account of Schubert's last days and lacked specific information about the trauma that had resulted in the fatal peritonitis. Dewey's statement recited a specific incident in which defendant and his brother forced Schubert to lay stomach up between two chairs. With Schubert in that position, defendant raised his clutched hands and brought them down and punched Schubert in the stomach with great force on two occasions. The statement detailed the pain and suffering that followed and the refusal of defendant and his brother to permit Schubert to be removed to a hospital lest their conduct be discovered.

Upon receiving a transcript of Dewey's statement, defendant's counsel discussed a plea bargain with the District Attorney. The prosecutor offered to accept a guilty plea to first degree manslaughter in exchange for the maximum sentence for that crime. Defense counsel told defendant that Dewey's statement "put a noose around his neck for sure" and recommended that defendant accept the prosecutor's offer. On October 5, 1982, defendant pleaded guilty to first degree manslaughter. In response to questioning from the Bench, defendant stated that he had discussed the plea with counsel, that he was satisfied with his representation, that the guilty plea was his own decision and that it was made to avoid a conviction for murder. The court sentenced defendant as agreed.

Viewing the record as a whole persuades us that, at the time of defendant's plea, he had the advice of a competent lawyer with whom he was satisfied. Our view of counsel's performance must be highly deferential. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time" *(Strickland v Washington,* 466 US 668, 689). Because of the difficulties inherent in making such an evaluation, we must indulge a strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance. Application of these standards compels us to reject defendant's charge, namely, inadequate assistance of counsel (see, People v Brockway, 88 AD2d 1039).

We have considered defendant's other contentions, i.e., that the Judge presiding at the CPL 440.10 proceeding should have recused himself because of comments he made at sentencing and that the sentence imposed was harsh and excessive, and have found them to be without merit.

Judgment and order affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.