■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILKENS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered April 26, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the police procedures used in the present case were so egregious that they violated principles of due process, requiring dismissal of the indictment against him pursuant to CPL 210.20 (1) (h) *(see, People v Isaacson,* 44 NY2d 511, 521). The defendant's contention that the charges against him must be dismissed because the original accusatory instrument was defective is without merit, since that accusatory instrument was superseded by a valid indictment. It is well settled that the Grand Jury has broad power to indict a defendant upon its independent determination that there is legally sufficient evidence that crimes have been committed and reasonable cause to believe that the defendant committed the crimes charged (CPL 100.15 [3]; 100.40 [4] [b]; *People v Wicks,* 76 NY2d 128, 133; *Matter of Vega v Bell,* 47 NY2d 543, 549). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.