■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JOHNSON, Appellant.—Order unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance with the following Memorandum: In 1978 defendant was convicted of robbery in the second degree. The judgment of conviction was entered upon defendant's guilty plea, after defendant had executed a waiver of indictment and consented to be prosecuted on a Superior Court Information. Defendant had not been held for Grand Jury action with respect to the charge, as required by the constitutional and statutory provisions governing waiver of indictment *(see,* NY Const, art I, § 6; CPL 195.10 [1] [a]). Therefore, his waiver was ineffective and the information on which he was prosecuted was jurisdictionally defective *(see, People v Zanghi,* 79 NY2d 815; *People v Boston,* 75 NY2d 585).

"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution *(People v McGuire,* 5 NY2d 523, 527; *People v Scott,* 3 NY2d 148, 152)" *(People v Harper,* 37 NY2d 96, 99). Infringement of defendant's right to be prosecuted by indictment deprived the court of jurisdiction to try and punish him *(see, People v Zanghi, supra,* at 817; *People v Boston, supra,* at 587; *People ex rel. Battista v Christian,* 249 NY 314, 318). As a consequence, defendant's robbery conviction is a nullity *(see, People v Miles,* 289 NY 360, 364; *People ex rel. Battista v Christian, supra; People v Sledge,* 90 AD2d 588, 589, *lv denied* 58 NY2d 977).

Because defendant's 1978 conviction is jurisdictionally defective, there is no basis for a determination that he is a second violent felony offender *(see,* Penal Law § 70.04). Therefore, defendant's motion to set aside his sentence upon the ground that he was improperly sentenced as a second violent felony offender should have been granted *(see,* CPL 440.20 [1]), and the matter is remitted for resentencing.

Defendant's motion to vacate the judgment of conviction upon the ground that he was denied effective assistance of counsel was properly denied *(see,* CPL 440.10 [2] [c]; *People v Cooks,* 67 NY2d 100). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—CPL 440.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.