■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. RANCKA, Appellant. (Appeal No. 2.) [600 NYS2d 651] — Judgment unanimously affirmed. Same Memorandum as in *People v Rancka* ([appeal No. 1] 193 AD2d 1123 [decided herewith]). (Appeal from Judgment of Chautauqua County Court, Adams, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Balio, Lawton, Fallon and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. RANCKA, Appellant. (Appeal No. 3.) [600 NYS2d 651] — Judgment unanimously reversed on the law, plea vacated and superior court information dismissed. Memorandum: Defendant executed a waiver of indictment and consented to be prosecuted on a superior court information that charged him with burglary in the second degree. The judgment of conviction was entered upon defendant's guilty plea to the crime as charged in that information.

Defendant's conviction must be reversed. The record does not reflect that, when defendant waived indictment and consented to be prosecuted on a superior court information, he had been held for Grand Jury action with respect to the offense charged in that information, as required by NY Consti-

tution, article I, § 6 and CPL 195.10 (1) (a). Therefore, defendant's waiver was ineffective and the superior court information on which he was prosecuted was jurisdictionally defective *(see, People v Johnson,* 187 AD2d 990; *see also, People v Zanghi,* 79 NY2d 815; *People v Boston,* 75 NY2d 585). We have reviewed defendant's remaining contentions and find each one lacking in merit. (Appeal from Judgment of Chautauqua County Court, Adams, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Balio, Lawton, Fallon and Davis, JJ.