(November 9, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH L. HORTON, JR., Appellant. [633 NYS2d 655] —Spain, J.

Appeals (1) from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered November 1, 1993, convicting defendant upon his plea of guilty of the crime of burglary in the third degree, (2) from an order of said court (Callanan, Sr., J.), entered April 25, 1994, which directed restitution, and (3) by permission, from an order of said court (Sgueglia, J.), entered August 26, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On August 7, 1993, a felony complaint was filed in the Owego Village Court in Tioga County charging defendant with one count of burglary in the second degree. As conceded by the People, defendant was neither arraigned in the local criminal court nor was his case held for Grand Jury action (*see*, CPL 195.10 [1] [a]). On September 21, 1993, defendant executed a written waiver of indictment and consented to be prosecuted by a superior court information charging burglary in the third degree and petit larceny. Following the entry of defendant's plea of guilty to the single count of burglary in the third degree in satisfaction of this instrument, defendant was sentenced as a second felony offender to 3 to 6 years in prison. A restitution hearing was later held and defendant was directed to pay $1,050 in restitution. Defendant thereafter unsuccessfully moved pursuant to CPL 440.10 to vacate the conviction. Defendant now appeals from his conviction, the restitution order and from County Court's denial of his CPL 440.10 motion.

Defendant's conviction must be reversed. There is no dispute that the superior court information upon which he was prosecuted was jurisdictionally defective due to lack of compliance with CPL 195.10 (1) (a) (*see, People v Rancka*, 193 AD2d 1124, 1125; *People v Johnson*, 187 AD2d 990). Accordingly, the superior court information must be dismissed, the restitution order vacated and the matter remitted to the court of original jurisdiction for further proceedings on the felony complaint (*see, People v Jacoy*, 138 AD2d 837, 838). Given this result, it is not necessary to address defendant's remaining arguments.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order entered April 25, 1994 are reversed, on the law, guilty plea vacated, superior court information dismissed, and matter remitted to the Owego Village Court for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from order entered August 26, 1994 is dismissed, as academic.