■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY E . CHAMBERLAIN, Appellant. [634 NYS2d 249] —Cardona, P. J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered November 7, 1994, convicting defendant upon his plea of guilty of the crime of operating a motor vehicle while ability impaired by drugs.

In June 1994 defendant was the subject of two accusatory instruments, one charging him with the traffic infraction of driving on sidewalks (see, Vehicle and Traffic Law § 1225-a) and the second with the class A misdemeanor crime of operating a motor vehicle while ability impaired by drugs (see, Vehicle and Traffic Law § 1192 [4]). Defendant thereafter signed a waiver of indictment (see, CPL 195.10) providing that, in satisfaction of the pending charges, he would be prosecuted by a superior court information charging him with the crime of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]) as a felony (Vehicle and Traffic Law § 1193 [1] [c]). The felony charge was based on an apparent conviction of defendant within the previous 10 years of driving while intoxicated as a misdemeanor. Defendant pleaded guilty to the charge set forth in the superior court information.

The conviction must be reversed. Under CPL 195.10, a defendant may only waive indictment and consent to be prosecuted by a superior court information where he or she has been "held * * * for the action of a grand jury" (CPL 195.10 [1] [a]). A defendant can only be ordered held for the action of a Grand Jury (1) following waiver of a hearing on a *felony* complaint (see, CPL 180.30 [1]), or (2) upon a finding made at the conclusion of a hearing on a *felony* complaint that there is reasonable cause to believe that the defendant committed a felony (see, CPL 180.70 [1]). Here, defendant was originally charged with only a traffic infraction and a misdemeanor and not a felony. Thus, at the time defendant waived indictment and consented to be prosecuted on a superior court information, he was not being held for Grand Jury action with respect to the offense charged in the superior court information (see, CPL 195.10, 195.20). His waiver was, therefore, ineffective and the superior court information on which he was prosecuted was jurisdictionally defective (see, *People v Rancka*, 193 AD2d 1124,

*lv denied* 82 NY2d 725; *People v Johnson*, 187 AD2d 990). As a consequence, defendant's conviction is a nullity (*see, People v Sledge*, 90 AD2d 588, *lv denied* 58 NY2d 977).

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, guilty plea vacated, superior court information dismissed and matter remitted to the County Court of Schenectady County for further proceedings on the accusatory instruments.