■ The People of the State of New York, Respondent, v David Mitchell, Sr., Appellant. [652 NYS2d 827] —Cardona, P. J. Appeals (1) from a judgment of the County Court of Cortland County (Mullen, J.), rendered April 14, 1994, convicting defendant upon his plea of guilty of the crimes of rape in the second degree and sexual abuse in the first degree, and (2) by permission, from an order of said court (Coccoma, J.), rendered October 27, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

In October 1993, defendant was charged, *inter alia*, with the crimes of rape in the second degree and sexual abuse in the first degree after engaging in inappropriate conduct with his daughter and stepdaughter. Following his arraignment on the rape charge, defendant signed an affidavit waiving his rights to a speedy trial, to an arraignment on the sexual abuse charge and to have the case presented to a Grand Jury. He subsequently executed a written waiver of indictment and a superior court information was filed charging him with the crimes of rape in the second degree and sexual abuse in the first degree.

Defendant pleaded guilty to the charges and was sentenced to concurrent prison terms of $2^1/_3$ to 7 years. In March 1995, defendant moved to vacate his conviction on the basis that defense counsel was ineffective. County Court denied the motion. Defendant appeals from the judgment of conviction and the order denying his motion to vacate the judgment of conviction.

Defendant contends, *inter alia*, that County Court lacked jurisdiction over him because his waiver of indictment was invalid. In order for a waiver of indictment to be valid, "a local criminal court [must have] held the defendant for the action of a grand jury" (CPL 195.10 [1] [a]; *see, People v Chamberlain*, 221 AD2d 869; *People v Horton*, 221 AD2d 722; *People v Johnson*, 187 AD2d 990). In practical terms, this means that a defendant must be arrested and arraigned in a local criminal court prior to executing the waiver (*see*, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 195.10, at 386). In the case at hand, the record reveals that defendant was arraigned on the felony complaint charging him with rape in the second degree prior to executing the waiver of indictment. Thus, we find that the waiver was valid as to this charge.

With respect to the sexual abuse charge, however, we note that the arraignment did not encompass that charge. Accordingly, we find defendant's waiver of indictment as to that charge invalid and, therefore, the judgment convicting him of that crime is a nullity which must be vacated (*see, People v Chamberlain, supra; People v Horton, supra; People v Johnson, supra*). The People's apparent reliance upon CPL 170.10 (1) as support for the waiver of arraignment is misplaced. That section essentially authorizes waiver of arraignment in certain situations involving simplified informations (*see*, CPL 170.10 [1] [a]; *see also,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 170.10, at 11), or in cases in which a summons or appearance ticket is issued and counsel appears in lieu of the defendant (*see*, CPL 170.10 [1] [b]). Here, however, defendant was charged with sexual abuse in the first degree by the filing of a felony complaint. Proceedings upon a felony complaint are governed by CPL 180.10 which does not authorize waiver of arraignment. Absent arraignment, County Court never acquired the requisite control of defendant's person with respect to the accusatory instrument charging sexual abuse in the first degree, and was therefore precluded from "setting the course of further proceedings in the action" (CPL 1.20 [9]).

Despite the fact that defendant received concurrent sen-

tences, we cannot say that the dismissal of one of the two charges underlying his negotiated plea would not have altered the quantum of punishment meted out. Accordingly, we remit for resentencing on the remaining conviction.

We have considered defendant's remaining claims, including his contention that defense counsel was ineffective, and find them to be without merit.

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment and order are modified, on the law, by reversing so much thereof as convicted defendant of the crime of sexual abuse in the first degree; motion granted, guilty plea vacated, superior court information dismissed to that extent and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.