■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAHLAUNE MITCHELL, Appellant. [663 NYS2d 412] —Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 7, 1996, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.

On September 4, 1996, defendant executed a waiver of indictment and agreed to be prosecuted by a superior court information charging him with attempted criminal possession of a weapon in the third degree. On the same date, he pleaded guilty to this charge. In accordance with the plea agreement, defendant was sentenced to two years in prison to run consecutive to a 1²/₃ to 5-year prison sentence he was serving for an unrelated crime. Defendant appeals.

Defendant initially contends that his plea to the crime specified in the superior court information was not authorized by statute because, at the time of the plea, a felony complaint was pending against him in Albany City Court and he had not yet been held for action by a Grand Jury. CPL 195.10 provides, in pertinent part, that:

"1. A defendant may waive indictment and consent to be prosecuted by superior court information when:

"(a) a local criminal court has held the defendant for the action of a grand jury."

Although County Court made reference during the plea proceedings to a charge pending in Albany City Court "with regard to this gun", this did not establish a violation of the statute. Later in the plea proceedings, the court noted that defendant's guilty plea was in satisfaction of all charges, including those "currently pending in Albany [City] Court in relationship to this and other unrelated matters". Significantly, the order approving the waiver of indictment explicitly states that defendant was held for action by the Grand Jury on August 6, 1996. In view of this, we find that the statutory requirements of CPL 195.10 were satisfied (*see, People v Mitchell*, 235 AD2d 834, 835, *lv denied* 89 NY2d 1038; *see generally, People v D'Amico*, 76 NY2d 877).

In addition, we do not find that the sentence imposed upon defendant was either harsh or excessive. The sentence was agreed to by defendant as part of the plea bargain and was appropriate in light of defendant's criminal history (*see, People v Millard*, 241 AD2d 567). Accordingly, the judgment is affirmed.

Crew III, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.