(March 9, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BLACK, Appellant. [705 NYS2d 696] —Spain, J. Appeals (1) from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered February 27, 1998, convicting defendant upon his plea of guilty of the crime of rape in the third degree (three counts) and endangering the welfare of a child, and (2) by permission, from an order of said court, entered June 19, 1998, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and to set aside the sentence, without a hearing.

On October 17, 1997 defendant was charged in a felony com-

plaint with rape in the third degree based upon information supplied by the 15-year-old victim. On the same day defendant admitted in a written statement to the State Police that he—at the age of 23 years—had sexual intercourse with the victim knowing that she was less than 17 years of age. On December 19, 1997 defendant was charged in a four-count indictment with three counts of rape in the third degree and one count of endangering the welfare of a child. On January 15, 1998 defendant pleaded guilty to each of the four counts in the indictment. At the plea, defendant admitted that on several occasions between the summer of 1996 and September 1997, at a time when he was over the age of 21, he engaged in sexual intercourse with a girl who he knew was under 17 years of age, with whom he was involved in an ongoing relationship. There was no plea agreement and defendant was sentenced to concurrent terms of imprisonment of 1 to 3 years for each rape count and one year on the misdemeanor count.

Defendant thereafter moved to vacate the judgment pursuant to CPL 440.10 (1) (a), (b) and (h), and to set aside the sentence pursuant to CPL 440.20, based upon, *inter alia,* alleged defects in the felony complaint and an affidavit of the victim claiming that she signed her supporting deposition under duress. In a written decision, County Court in all respects denied defendant's motion without a hearing. Defendant now appeals from the judgment of conviction and, with permission, the order denying postjudgment relief.

We affirm. As an initial matter, we note that defendant has not argued that the indictment to which he pleaded guilty was jurisdictionally defective nor has he challenged the sufficiency or voluntariness of the plea allocution, challenges which might have survived his entry of a guilty plea (*see, People v Seaberg,* 74 NY2d 1; *see also, People v Beattie,* 80 NY2d 840, 842; *People v Case,* 42 NY2d 98; *People v George,* 261 AD2d 711, *lv denied* 93 NY2d 1018). Rather, defendant contends that the felony complaint was jurisdictionally defective because it contained only hearsay allegations, omitted the victim's name and failed to attach the victim's supporting deposition.

However, while the felony complaint served as the basis for the commencement of this criminal action, it was followed and superseded by a valid Grand Jury indictment on which defendant was prosecuted and to which he pleaded guilty (*see,* CPL 100.05, 100.10 [5]; 180.10; *see also, People v Wilkens,* 176 AD2d 978). Even if the felony complaint had been determined to be defective and dismissed, the Grand Jury was "nevertheless free to indict upon its independent determination that there is

legally sufficient evidence that crimes have been committed and reasonable cause to believe that the defendant committed the crimes charged" (*People v Wicks*, 76 NY2d 128, 133; *see*, *People v Alejandro*, 70 NY2d 133, 137 138; *People v Wilkens*, *supra*; *see also*, CPL 190.65 [1]).

In any event, a felony complaint is facially sufficient if the factual allegations allege "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]) providing "reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [4] [b]; *see*, CPL 70.10 [2]; *see also*, *People v Dumas*, 68 NY2d 729). While the felony complaint herein incorrectly indicated that the victim's supporting deposition was attached, such a deposition was not required (*see*, CPL 100.20, 100.40 [4] [b]) as long as the felony complaint otherwise complied with the applicable requirements of CPL 100.40 and 100.15. The felony complaint, signed by the State Police investigator as the complainant, factually alleges that on or about the evening of December 30, 1996 defendant, age 23, engaged in sexual intercourse with a 15-year-old female, i.e., under age 17, in her bedroom at a specified address in the Town of Granville, Washington County. The source of the information was identified as the 15-year-old victim, and it was entirely proper for the factual allegations to be based upon the investigator's information and belief derived from the victim (*see*, CPL 100.15 [1], [3]).

Contrary to the repeated assertions of the defense, a felony complaint—unlike an information which may serve as the basis for a prosecution—need *not* be supported by nonhearsay factual allegations establishing every element of the offense charged and defendant's commission thereof (*compare*, CPL 100.40 [4]; 100.10 [5]; 100.15 [3] [first sentence], *with* CPL 100.40 [1] [c]; 100.10 [1]; 100.15 [3] [last sentence]; *see*, *People v Alejandro*, 70 NY2d 133, 136-138, *supra*; *see also*, *Matter of Jahron S.*, 79 NY2d 632). In our view, the felony complaint satisfied the requirements of CPL 100.15 and 100.40 (4) and, thus, we reject defendant's contention that it was jurisdictionally defective.

Further, County Court in all respects properly denied defendant's CPL 440.10 motion to vacate the judgment of conviction. The gravamen of defendant's motion is a postjudgment affidavit signed by the victim asserting that she only signed the supporting deposition after she was taken from her home against her wishes, pressured, kept from her parents, and told that she would be charged with a crime if she did not sign it but that no one would be arrested if she did sign it. Significantly, the only inaccuracy she claimed in her support-

ing deposition was in the dates, without explanation; she did not retract her Grand Jury testimony that she had given birth to a child as a result of having had sexual intercourse with defendant on the dates specified in the felony complaint and in the subsequent indictment, at times when she was under the age of 17 and defendant was over the age of 21. As noted, the indictment superseded the felony complaint. Thus, even if the victim's postjudgment statement were credited, defendant failed to demonstrate that County Court lacked jurisdiction over him due to either a defective accusatory instrument or the actions of the police in procuring the victim's supporting deposition, or that the judgment of conviction—resulting from his guilty plea—was procured by any "duress, misrepresentation or fraud" against him (CPL 440.10 [1] [a], [b]).*

Also, defendant's postjudgment claims to having been denied effective assistance of counsel and other constitutional rights based upon, among other things, defense counsel's lack of knowledge of the purported police/prosecutorial misconduct in obtaining the victim's supporting deposition are meritless and did not warrant vacatur of the judgment under CPL 440.10 (1) (h) (see, People v Young, 116 AD2d 922, 923). Likewise, defense counsel's actions prior to defendant's entry of the guilty pleas—in not challenging the sufficiency of the felony complaint—did not deny defendant meaningful representation (see, id., at 923-925; see also, People v George, 261 AD2d 711, 714, supra; cf., People v Baldi, 54 NY2d 137, 147). Finally, County Court properly decided defendant's postjudgment motion without a hearing (see, People v Satterfield, 66 NY2d 796, 799; People v Sides, 242 AD2d 750, 751, lv denied 91 NY2d 836; CPL 440.30 [1], [4]).

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the judgment and order are affirmed.

---

* In response to County Court's decision, defendant specifically disclaims reliance upon a newly discovered evidence theory (see, CPL 440.10 [1] [g]), a ground not raised in his motion to vacate. Notably, "vacatur of a judgment of conviction on this ground is expressly conditioned upon the existence of a verdict of guilt after trial", and is foreclosed by defendant's guilty plea (People v Sides, 242 AD2d 750, 751, lv denied 91 NY2d 836; see, CPL 440.10 [1] [g]).