■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PONEL JACKSON, Appellant. [731 NYS2d 124] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]) and sentencing him as a second violent felony offender to a determinate term of incarceration of 10 years, defendant contends that the felony complaint that commenced this criminal action was facially insufficient; that police engaged in conduct that deprived him of due process; that the plea allocution is factually insufficient; and that the sentence is unduly harsh or severe.

Defendant was convicted upon his plea of guilty to a valid superior court information, which superseded the felony complaint. Thus, any insufficiency in the initiating accusatory instrument is irrelevant (*see, People v Black,* 270 AD2d 563, 564-565). Defendant's challenge to the factual sufficiency of the plea allocution lacks merit. Although County Court had a duty

to conduct further inquiry based upon the initial insistence of defendant that he was innocent of burglary (*see, People v Lopez,* 71 NY2d 662, 665-667), the court fulfilled that duty, ultimately eliciting the admissions of defendant that he knew he had no right to be in the victim's house and entered with the intent of stealing the victim's VCR. We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Cayuga County Court, Corning, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.