■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL WILSON, Also Known as ANGEL RODRIGUEZ, Appellant. [735 NYS2d 257] —Crew III, J.P. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered January 18, 2000, convicting defendant upon his plea of guilty of the crimes of murder in the second degree, assault in the first degree (two counts), gang assault in the first degree, criminal solicitation in the first degree, criminal solicitation in the second degree, conspiracy in the first degree, conspiracy in the second degree, conspiracy in the fourth degree, robbery in the first degree (two counts), robbery in the second degree (two counts), hindering prosecution in the first degree (two counts), tampering with physical evidence (three counts), attempted murder in the second degree and burglary in the first degree (two counts).

On May 3, 1999, defendant broke into the home of Ian Neish and stabbed him repeatedly in both the back and chest resulting in grievous injury. Thereafter, on May 26, 1999, defendant brutally murdered Francisco Rosa in Central Park, in the City and County of Schenectady, by repeatedly stabbing and thereafter beating him with the stock of a BB gun. As a consequence, defendant was charged in a 22-count indictment with, inter alia, the crimes of murder in the second degree and attempted murder in the second degree. He thereafter pleaded guilty to

all counts of the indictment except the second count and, in doing so, waived his right to appeal. Defendant was sentenced to an aggregate prison term of 48 years to life.

Initially, we note that defendant's argument that he was denied the effective assistance of counsel has been waived by his knowing, intelligent and voluntary guilty plea (*see, People v Corwin,* 137 AD2d 872, 873, *lv denied* 71 NY2d 1025). To be sure, as defendant contends, a waiver of appeal will not foreclose a challenge to the competency of counsel where the claimed ineffectiveness induced the otherwise knowing and voluntary guilty plea (*see, People v Ferguson,* 192 AD2d 800, *lv denied* 82 NY2d 717), but the record reveals no basis upon which to believe that such was the case here. Quite to the contrary, given the overwhelming evidence of defendant's guilt, pleading guilty, with the hope of avoiding a maximum sentence, certainly was a reasonable course of action. Finally, defendant's contention that his sentence was harsh and excessive is encompassed by his waiver of his right to appeal. Accordingly, the judgment of conviction is affirmed.

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.