THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY D. SCHELL, Appellant. [753 NYS2d 262] —Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered September 25, 2001, convicting defendant upon his plea of guilty of attempted sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was charged in four informations with, inter alia, sodomy in the first degree (Penal Law former § 130.50 [3]) for sexual acts against his younger daughter that occurred "on numerous occas[]ions from the age of 5 years old up to the age of 10 years old (1991 to 1996)." He agreed to waive indictment and proceed by a superior court information (SCI), and he was charged therein with attempted sodomy in the first degree (§§ 110.00, former 130.50 [3]) for an act that occurred on December 2, 1996.

Pursuant to CPL 195.20, the offenses named in a waiver of indictment "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses

properly joinable therewith." "[A] defendant is held for the action of a Grand Jury on both the offense charged in the felony complaint [or information] as well as its lesser included offenses" (*People v Menchetti*, 76 NY2d 473, 474; *see People v Zanghi*, 79 NY2d 815 , 818). Here, defendant's daughter turned 10 on October 23, 1996, and the underlying information by which defendant was held for the action of the grand jury alleged offenses that occurred "up to the age of 10 years old." Defendant contends that the crime alleged in the SCI occurred after his daughter's 10th birthday and was therefore neither an offense charged in the underlying information nor a lesser included offense of an offense charged therein. We disagree.

Although the phrase "up to" a certain age generally refers to a time period that ends on the day on which a person reaches the specified age (*compare People v Salaam*, 83 NY2d 51, 56, *with* CPL 1.20 [42]; *compare Matter of Jude F.*, 291 AD2d 165, 171, *with* Family Ct Act § 353.5 [5] [d]), we conclude that the phrase "up to" in the underlying information was intended to include the year following the daughter's 10th birthday and thus encompassed December 2, 1996. In this case, the underlying information used the word "to" in two critical places: "up to the age of 10 years old" and "1991 to 1996." Construing the word "to" consistently and interpreting the underlying information as covering the period ending with the daughter's 10th birthday on October 23, 1996 and also ending January 1, 1996, we conclude that such an interpretation would render the reference to "age 10" meaningless, inasmuch as the daughter was only nine on January 1, 1996. Construing the underlying information as a whole and resolving the ambiguity reasonably, we conclude that the underlying information charged conduct through the daughter's 10th year and through 1996 (*see People v O'Neil*, 201 Misc 402, 405, *affd* 303 NY 747). Our conclusion is further buttressed by defendant's written statement supporting the underlying information wherein defendant referred to a specific incident of sexual abuse that occurred "around Christmas time," when his wife was hospitalized for surgery and his daughter was 9 or 10 years old. He thought that the incident had occurred three or four years before he gave his statement in February 2001. Thus, the written statement of defendant supporting the underlying information covered an act of sexual abuse occurring after his daughter's 10th birthday.

The fact that the underlying information may have charged multiple offenses is "irrelevant" because it was superseded by the SCI (*People v Jackson*, 286 AD2d 912, 912, *lv denied* 97

NY2d 755; *see People v Black*, 270 AD2d 563). Defendant further contends that the date alleged in the SCI was incorrect and that the SCI therefore charged a "nonexistent crime," i.e., that the act actually occurred in December 1997, after the victim turned 11, making the crime alleged (Penal Law former § 130.50 [3]) inapplicable. Defendant failed to challenge the contents of the SCI on that ground. Because the SCI "is not jurisdictionally defective, and no timely challenge was made to its contents," defendant's contention is unpreserved for our review (*People v Parrilla,* 285 AD2d 157, 161). In any event, that contention lacks merit. The date alleged in the SCI, although inconsistent with a date in one supporting deposition, is consistent with the time period specified by defendant in his written statement.

Although defendant contends that he was denied effective assistance of counsel, he has failed to allege that such ineffectiveness impacted the voluntariness of his plea, and thus his contention does not survive his valid waiver of the right to appeal (*see People v Perillo,* 300 AD2d 1097; *People v Wilson,* 290 AD2d 589, 590; *People v Almonte,* 288 AD2d 632, 633, *lv denied* 97 NY2d 726, 727; *cf. People v French,* 292 AD2d 813, *lv denied* 98 NY2d 675). In any event, we conclude that he was afforded meaningful representation. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford,* 86 NY2d 397, 404). Here, nothing in the record casts doubt upon the apparent effectiveness of counsel.

By failing to move to withdraw the plea of guilty or vacate the judgment of conviction, defendant has failed to preserve for our review his contention that the plea was not voluntarily, knowingly, and intelligently entered (*see People v Lopez*, 71 NY2d 662, 665; *People v Shumway*, 295 AD2d 916, 917; *People v Burke*, 288 AD2d 875, 875-876, *lv denied* 97 NY2d 702). The statements challenged by defendant did not call into question his guilt or otherwise cast doubt on the voluntariness of the plea and thus the court was not required to conduct a further inquiry to ensure that the plea was knowingly and voluntarily entered (*see e.g. Lopez*, 71 NY2d at 666; *People v Jackson*, 273 AD2d 937, *lv denied* 95 NY2d 906; *People v Rafter*, 234 AD2d 711, *lv denied* 89 NY2d 1014). Present—Pigott, Jr., P.J., Green, Pine, Kehoe and Lawton, JJ.