■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH W. COTTELLI, Appellant. [847 NYS2d 254]—

Crew III, J.P. Appeal from a judgment of the County Court of

Ulster County (Bruhn, J.), rendered March 18, 2005, convicting defendant upon his plea of guilty of three counts of the crime of driving while intoxicated.

Defendant pleaded guilty to three counts of the crime of driving while intoxicated, in full satisfaction of two indictments and a superior court information, stemming from three separate incidents between September 10, 2004 and November 20, 2004. Pursuant to the plea agreement, defendant was sentenced to a period of five years probation, with the first six months to be served in jail. Additionally, defendant was to participate in the Community Corrections Program for two months, as a condition of his probation. Defendant now appeals.

Initially, defendant contends that his waiver of indictment and agreement to be prosecuted by the superior court information was invalid because he had not been held for action by a grand jury. A review of the record reveals, however, that defendant's signed waiver of indictment expressly states that he was held for the action of the Ulster County grand jury, making his waiver valid (see People v Valenti, 264 AD2d 904, 905 [1999], lv denied 94 NY2d 926 [2000]; People v Mitchell, 243 AD2d 1005 [1997], lv denied 91 NY2d 928 [1998]).

We further reject defendant's assertion that the requirement that he participate in the Community Corrections Program (apparently a residential facility serving substance abusers) for two months constituted an impermissible and illegal additional two months of imprisonment.

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.