■ In the Matter of CLINT R. PETERSON, Petitioner, v CARL F. BECKER, as Judge of the County Court of Delaware County, Respondent. [898 NYS2d 343]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent from trying petitioner in the County Court of Delaware

County on a superior court information charging him with the crimes of promoting a sexual performance of a child and possessing a sexual performance of a child.

Petitioner was charged by two felony complaints with promoting a sexual performance of a child and possessing a sexual performance of a child based upon his alleged electronic dissemination and possession of a photographic image depicting an instance of sexual conduct by a female child. He thereafter executed a written waiver of indictment in open court, consenting to be prosecuted by a superior court information, and County Court approved the waiver. Petitioner subsequently retained new counsel, who moved to dismiss the superior court information for failure to comply with CPL 30.30 or, in the alternative, sought leave to file a late demand for a bill of particulars, demand to produce and omnibus motion. As relevant here, it was asserted that the People's statement of readiness was illusory because the felony complaints were facially insufficient. County Court denied petitioner's motion and petitioner commenced this CPLR article 78 proceeding in the nature of a writ of prohibition seeking to enjoin respondent, County Judge of Delaware County, from proceeding to trial on the superior court information.

Petitioner contends that his waiver of indictment was not knowing, voluntary and intelligent and that the superior court information was therefore jurisdictionally defective such that County Court lacks jurisdiction over him. Initially, we note that, because a writ of prohibition may be used for collateral review of an error of law "where the very jurisdiction and power of the court are in issue" (*Matter of Steingut v Gold*, 42 NY2d 311, 315 [1977]; *see Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 149-150 [1983], *cert denied* 464 US 993 [1983]) and "[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (*People v Harper*, 37 NY2d 96, 99 [1975]; *see People v Franco*, 86 NY2d 493, 500 [1995]), a writ of prohibition is a proper vehicle for petitioner to bring this claim. Nevertheless, we find it to be without merit.

Petitioner fails to show that his waiver of indictment was not knowing, voluntary and intelligent or was otherwise invalid. "A defendant may waive indictment and consent to be prosecuted by superior court information when . . . a local criminal court has held the defendant for the action of a grand jury" (CPL 195.10 [1]). "Being so 'held' for the action of a [g]rand [j]ury involves the filing of a felony complaint on which [the] defendant has been arraigned and a finding after a preliminary hearing (unless waived by [the] defendant) that reasonable cause ex-

ists to believe that [the] defendant committed a felony" (*People v Barber*, 280 AD2d 691, 692 [2001], *lv denied* 96 NY2d 825 [2001]; *see* CPL 180.70; *People v D'Amico*, 76 NY2d 877, 879 [1990]; *People v Gallagher*, 34 AD3d 941, 942 [2006], *lv denied* 8 NY3d 880 [2007]).

Here, petitioner was arraigned upon the two felony complaints and waived a preliminary hearing, the matter was transferred to County Court, and County Court approved petitioner's waiver of indictment upon a finding that it complied with the requirements of CPL article 190 (*see People v Barber*, 280 AD2d at 692; *People v Valenti*, 264 AD2d 904, 905 [1999], *lv denied* 94 NY2d 926 [2000]). Indeed, "[petitioner's] signed waiver of indictment expressly states that he was held for the action of the . . . grand jury, making his waiver valid" (*People v Cottelli*, 46 AD3d 952, 953 [2007], *lv denied* 9 NY3d 1032 [2008]; *see People v Valenti*, 264 AD2d at 905). Moreover, the terms of the waiver clearly set forth its ramifications and it was signed, in open court, by both petitioner and his attorney. Other than petitioner's bare assertions that, had he been counseled otherwise, he would not have waived his preliminary hearing or indictment, no other proof has been offered in support of his claim. Under these circumstances, we find that the waiver of indictment was knowingly, voluntarily and intelligently made (*see People v Brown*, 309 AD2d 1084, 1084 [2003], *lv denied* 1 NY3d 595 [2004]; *People v Powers*, 302 AD2d 685, 685-686 [2003]). As such, the subsequently filed superior court information was not jurisdictionally defective (*see People v Talback*, 32 AD3d 559, 560 [2006], *lv denied* 7 NY3d 870 [2006]; *People v Barber*, 280 AD2d at 693). Since it superceded the felony complaints, any insufficiency in those initiating accusatory instruments is irrelevant (*see People v Jackson*, 286 AD2d 912, 912 [2001], *lv denied* 97 NY2d 755 [2002]; *see also People v Schell*, 300 AD2d 1120, 1121 [2002], *lv denied* 99 NY2d 632 [2003]).

Malone Jr., Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the petition is dismissed, without costs.