Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered November 29, 2011, which resentenced defendant following his conviction of the crimes of murder in the second degree, assault in the first degree, gang assault in the first degree, criminal solicitation in the first degree, criminal solicitation in the second degree, conspiracy in the first degree, conspiracy in the second degree, conspiracy in the fourth degree, robbery in the first degree (two counts), robbery in the second degree (two counts), hindering prosecution in the first degree (two counts), tampering with evidence (three counts), attempted murder in the second degree, burglary in the first degree (two counts) and assault in the first degree.
Defendant pleaded guilty to the charges contained in a multicount indictment, the most serious of which was murder in the second degree, and was sentenced to an aggregate prison term of 48 years to life. Upon defendant’s direct appeal from the judgment of conviction, we affirmed (290 AD2d 589 [2002]). Nearly 10 years later, defendant was returned to County Court to be resentenced because a term of postrelease supervision had not been included in his original sentence (see Correction Law § 601-d). At the resentencing hearing, defense counsel, the People and County Court agreed that in light of defendant’s life sentence on the murder conviction, he would be subject to pa *995 role supervision in the event that he was released from prison, thereby rendering the imposition of any term of postrelease supervision on the remaining crimes duplicative. Accordingly, with the People’s consent, County Court resentenced defendant to the original term of imprisonment without imposing any period of postrelease supervision (see Penal Law § 70.85). Defendant now appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant upon the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record, counsel’s brief and defendant’s pro se submission, we agree. Therefore, the judgment is affirmed and counsel’s request for leave to withdraw is granted (see People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]; see generally People v Stokes, 95 NY2d 633 [2001]).
Mercure, J.P, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.