People v Lopez (2020 NY Slip Op 00161)





People v Lopez


2020 NY Slip Op 00161


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-13685

[*1]The People of the State of New York, respondent,
v
Jaime Lopez, appellant. (S.C.I. No. 18-00039)


Clare J. Degnan, White Plains, NY (David B. Weisfuse of counsel), for appellant.
Anthony A. Scarpino, Jr., White Plains, NY (Steven A. Bender and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered April 5, 2018, convicting him of attempted criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged in a felony complaint with two counts of criminal possession of a controlled substance in the third degree. Thereafter, pursuant to CPL 195.10, the defendant agreed to waive his right to be prosecuted by indictment by a grand jury, and consented to be prosecuted by a superior court information to be filed by the District Attorney (see NY Const, art I, § 6). The defendant executed a written waiver in accordance with CPL 195.20, which waiver specifically named attempted criminal possession of a controlled substance in the fourth degree as the crime which would be charged in the superior court information. The District Attorney filed a superior court information charging the defendant with attempted criminal possession of a controlled substance in the fourth degree. The defendant pleaded guilty to that crime, and sentence was imposed.
On appeal, the defendant does not challenge the sufficiency or voluntariness of the plea allocution, nor does he challenge the adequacy of the superior court information or his waiver of the right to indictment. Rather, he seeks dismissal of the superior court information on the ground that the underlying felony complaint was defective because it was unverified and facially insufficient. The defendant was convicted upon his plea of guilty to a valid superior court information, which superseded the felony complaint (see People v Webb, 111 AD3d 968; People v Jackson, 286 AD2d 912; People v Black, 270 AD2d 563, 564-565; see also CPL 200.15; People v D'Amico, 76 NY2d 877, 880). Consequently, his contention that the felony complaint was defective has been rendered academic (see People v Webb, 111 AD3d 968).
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court