People v Goods (2021 NY Slip Op 05869)





People v Goods


2021 NY Slip Op 05869


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-03617

[*1]The People of the State of New York, respondent,
v
Robert Goods, appellant. (S.C.I. No. 18-01242)


Pat Bonanno, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Virginia A. Marciano and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered February 5, 2019, convicting him of failure to register and verify as a sex offender (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged by felony complaint with failure to register and verify as a sex offender. Thereafter, the defendant agreed to waive his right to be prosecuted by indictment by a grand jury, and consented to be prosecuted by superior court information. The defendant entered a plea of guilty to two counts of failure to register and verify as a sex offender under the superior court information, and the promised sentence was imposed.
On appeal, the defendant does not challenge the sufficiency or voluntariness of the plea allocution, the adequacy of the superior court information, or his waiver of the right to indictment. Rather, the defendant argues that the felony complaint was facially insufficient. This contention is unpreserved for appellate review, since the defendant never challenged the sufficiency of the felony complaint before the Supreme Court (see People v Clark, 194 AD3d 948, 951; People v Smith, 293 AD2d 764, 765). In any event, the defendant was convicted upon his plea of guilty to a valid superior court information, which superseded the felony complaint, and thus, his contention that the felony complaint was defective has been rendered academic (see People v Lopez, 179 AD3d 719, 720; People v Webb, 111 AD3d 968).
RIVERA, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court