■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

PAUL R. BROWN, Appellant.—Harvey, J. Appeals (1) from a judgment of the County Court of Cortland County (Dowd, J.), rendered October 20, 1988, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree, and (2) from a judgment of said court (Mullen, J.), rendered October 20, 1988, convicting defendant upon his plea of guilty of the crime of assault in the third degree.

In August 1988, defendant entered a plea of guilty to criminal possession of a weapon in the third degree in satisfaction of a three-count indictment which also included charges of menacing and harassment. These charges arose out of an incident occurring in June 1988 in which defendant allegedly threatened a nurse at a hospital with a knife. At the allocution, defendant also pleaded guilty to assault in the third degree with respect to an unrelated matter. Defendant was ultimately sentenced in accordance with his plea bargain and as a predicate felony offender to 2 to 4 years in prison on the weapons charge and to a concurrent definite prison term of one year on the assault charge. Defendant now appeals.

Defendant's principal argument on appeal is a challenge to the factual sufficiency of his plea allocution, an argument he failed to preserve by moving to either vacate or withdraw his plea (see, People v Lopez, 71 NY2d 662, 665). At the time he pleaded guilty, defendant also waived his right to appeal (see, People v Seaberg, 74 NY2d 1, 10). In any event, an examination of the plea minutes reveals defendant's arguments to be without merit. In conformance with the requirements of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant admitted that he possessed the knife, had previously been convicted of a felony offense and that he was upset at the time in question and removed the knife from his pocket and told a nurse to call a caseworker to get his check. Defendant's unlawful intent to use the knife could be inferred from this scenario and, in any event, defendant responded "yes" to County Court when he was asked if he was pleading guilty because he was in fact guilty. As the extensive plea colloquy attests, the plea was knowingly and voluntarily entered into with the advice of counsel (see, People v George, 137 AD2d 876).

The People correctly contend that defendant's knowing and voluntary waiver of his right to appeal as a condition of a negotiated plea bargain precludes appeal of his convictions based upon alleged deficiencies in the guilty plea proceedings. The record demonstrates unequivocally that defendant made a

knowing and voluntary waiver of his right to appeal as a condition of a negotiated plea bargain with full knowledge of the consequences of the waiver *(see, People v Seaberg,* 74 NY2d 1, 11, *supra; People v Bauer,* 153 AD2d 988; *People v Maye,* 143 AD2d 483, 484).

It is clear that defendant's waiver of appeal in the instant case was knowing and voluntary. Following an extensive colloquy in which County Court fully advised defendant of the terms of the plea agreement and the consequences of the entry of a guilty plea, defense counsel advised the court that in accord with the terms of the plea agreement, defendant would waive his right to appeal. Defense counsel also affirmed that defendant understood he was receiving a "substantial benefit" by virtue of the District Attorney's agreement not to pursue the felony assault charge which "would have raised a very high possibility of conviction of two separate and unrelated felonies, which would have resulted in the possibility of consecutive sentences", and that defendant, after discussion, had agreed that it was in his "best interest, to accept that deal". Defendant, who was present during the colloquy, in response to County Court's inquiry, indicated his acceptance of the terms of the plea agreement including his willingness to waive his right to appeal. Defendant further acknowledged that the plea bargain was in his best interest and benefit, that he was satisfied with the waiver and that which he received in return.

We have considered defendant's other contentions and find them to be without merit.

Appeals dismissed. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.