■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS T. GARRETT, Appellant.—Adjudication unanimously affirmed. Memorandum: Defendant pleaded guilty to assault in the second degree and aggravated harassment in the second degree in full satisfaction of a six-count indictment. As part of the plea bargain, defendant waived his right to appeal. Because defendant does not contend that the waiver was constitutionally defective or that public policy precludes enforcement of the waiver, our affirmance is predicated on the absence of any reviewable issues *(see, People v Callahan,* 80 NY2d 273). To facilitate further appellate review, however *(see, People v Callahan, supra),* we address each of defendant's arguments on appeal.

Defendant's contention that the aggravated harassment statute (Penal Law § 240.30 [3]) is unconstitutional has not been preserved for review *(see, People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914; *People v Ferris,* 105 AD2d 1136). Further, we reject defendant's claim that there is no evidence that he intended to cause serious physical injury or that he caused such injury. In order to preserve a challenge to the factual sufficiency of a plea allocution, a defendant must move to withdraw the plea under CPL 220.60 (3) or vacate the judgment of conviction under CPL 440.10 *(People v Lopez,* 71 NY2d 662, 665). Defendant did neither. We also conclude that defendant was afforded meaningful representation *(see, People v Satterfield,* 66 NY2d 796, 799-800).

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Finally, we decline to modify the sentence in the interest of justice. In light of the serious nature of the crime and defendant's admission that he struck the first blow, a term of incarceration is not harsh and excessive. (Appeal from Adjudication of Cayuga County Court, Corning, J.—Youthful Offender.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.