■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE GRIFFIN, Appellant. [600 NYS2d 375] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered January 8, 1992, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was indicted for criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree. She was arraigned on October 15, 1991 and entered a plea of not guilty to the charges. On December 11, 1991, defendant was present in County Court for the apparent purpose of changing her plea to guilty of criminal possession of a controlled substance in the third degree in full satisfaction of the entire indictment, with the understanding that she would be sentenced to a prison term of 3 to 9 years. During this plea proceeding defendant requested an adjournment of one week to give her more time to think about the plea. County Court denied her request and, after conferring with her attorney, conducted the plea allocution and accepted her guilty plea.

At her sentencing on January 8, 1992 defendant, through her counsel, requested permission to withdraw her plea of guilty on various grounds including ineffective assistance of counsel. County Court then gave defendant an opportunity to speak and defendant said that she felt that she was not told "a lot of my rights" by her attorney "so that's one reason why I'm withdrawing my plea. Also, my co-defendant got lesser time than I got. And I was not guilty in this case. And I'm not guilty". The court interrupted, reminding defendant of her plea, and defendant replied that she felt that she was pressured because she was told by the court that day that if she

did not accept the plea offer the trial would start immediately. After further discussion County Court found that although defendant was unhappy with what had occurred, her unhappiness was not a ground for withdrawal of the plea and denied the motion. County Court then imposed sentence despite defendant's protestations. This appeal ensued.

The indictment followed the stopping of defendant at about 1:00 A.M. on August 28, 1991 when she was driving a rented automobile with two passengers on the Thruway at an alleged 80 miles per hour. A State Trooper found some narcotics and arrested one passenger for possession of narcotics. Another Trooper, upon executing a consensual search, found a paper bag purportedly containing a controlled substance, later claimed to be cocaine, in the rear passenger area. All three of the vehicle's occupants were then arrested.

Defendant's contention that she did not understand that she was waiving her right to appeal at the plea proceeding, and therefore she did not make a knowing, intelligent, voluntary and enforceable waiver of her right to appeal, is rejected (see, People v Callahan, 80 NY2d 273, 283; People v Seaberg, 74 NY2d 1, 10; People v Brown, 160 AD2d 1039, 1040). The judgment of conviction should be affirmed.

Defense counsel stated in open court that he had explained to defendant certain things involved in the plea agreement, including that "she would be waiving her right to trial and all the rights attached thereto * * * and additionally she would have to forego any motions she could have made in this case and forego her right to appeal process". In the plea allocution County Court asked defendant whether, "[i]n consideration of this negotiated plea and sentence do you * * * waive your right to any hearings, trials, appeals or other proceedings in this matter", and she answered in the affirmative. The record does not support the assertion that she was confused concerning the waiver of her right to appeal. Defendant's criminal record indicates that she was not a stranger to criminal proceedings but, rather, was familiar with the plea-bargaining process. Defendant, by her waiver of her right to appeal, has waived any alleged deficiencies in the plea proceedings (see, People v Brown, supra, at 1040).

Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.