■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GOULD, Appellant. [605 NYS2d 1007] —Judgment unanimously affirmed. Memorandum: By failing to challenge the constitutionality of CPL 400.10 (2) at County Court, defendant failed to preserve that issue for review *(see, People v Iannelli,* 69 NY2d 684, 685, *cert denied* 482 US 914; *People v Ferris,* 105 AD2d 1136). In any event, we conclude that CPL 400.10 (2), which provides for a presentence conference in chambers in the absence of defendant, does not deprive defendant of his constitutional right to be present at a material stage of his trial. Defendant's absence from a presentence conference bears no substantial relation to the fullness of defendant's opportunity to defend against the charge *(see, People v Mitchell,* 80 NY2d 519, 526-527).

By failing to move to withdraw his guilty plea or to vacate the judgment, defendant failed to preserve for review his challenge to the factual sufficiency of the plea allocution *(see, People v Lopez,* 71 NY2d 662, 665; *People v Garrett,* 188 AD2d 1055, *lv denied* 81 NY2d 886). We cannot conclude that defendant's hesitation to recite the underlying facts "casts significant doubt upon [his] guilt or otherwise call[ed] into question the voluntariness of the plea" *(People v Lopez, supra,* at 666). Defendant's reluctance to recount details was the product of the character of the crime. When the court recited the factual allegations, defendant admitted having committed

the alleged act. (Appeal from Judgment of Cayuga County Court, Corning, J.—Sodomy, 1st Degree.) Present—Callahan, J. P., Pine, Balio, Doerr and Boomer, JJ.