■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK HOFFMAN, Appellant. [621 NYS2d 1003] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his recitation of the underlying facts during the plea colloquy called into question the voluntariness of his guilty plea. We cannot conclude that defendant's plea colloquy "casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" *(People v Lopez,* 71 NY2d 662, 666; *see, People v Gould,* 198 AD2d 856, *lv denied* 83 NY2d 805). Defendant admitted that, at the time of his arrest, he "had consumed enough alcohol to be legally intoxicated". Therefore, by failing to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant failed to preserve for review his challenge to the factual sufficiency of the plea allocution *(see, People v Lopez, supra,* at

666; *People v Garrett,* 188 AD2d 1055, *lv denied* 81 NY2d 886). In any event, the plea minutes establish that defendant understood the nature and consequences of his guilty plea and that the plea was voluntarily, knowingly and intelligently made. (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.