■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE MURRAY, Appellant. [649 NYS2d 265] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court should have suppressed cocaine seized from a stroller in the hallway outside her apartment. The contention that the search warrant was improperly issued lacks merit. We conclude that the female informant met both prongs of the *Aguilar-Spinelli* test (*see, Aguilar v Texas*, 378 US 108; *Spinelli v United States*, 393 US 410). Defendant further contends that the warrant failed to state with particularity the place to be searched (*see, People v Rainey*, 14 NY2d 35, 38). The warrant authorized the search of defendant's apartment, including all its storage areas and curtilage. The cocaine was found in a baby stroller in the hallway outside the apartment of defendant, about two feet from her door. The court found that the hallway was included within the storage areas and curtilage, so that search of the stroller was authorized. Alternatively, the court determined that, if the hallway was not within the premises covered by the warrant, it would constitute a common hallway where defendant lacked a reasonable expectation of privacy. We agree (*see, People v Rodriguez*, 69 NY2d 159, 162-163). We further note that the only witness at the suppression hearing testified that defendant initially acknowledged ownership of the stroller but then said that it did not belong to her.

The contention of defendant that her plea was involuntarily entered is unpreserved for our review because she failed to move to withdraw the plea (*see,* CPL 220.60 [3]) or to vacate the judgment of conviction (*see,* CPL 440.10). In any event, her contention lacks merit (*see, People v Hoffman*, 210 AD2d 995,

*lv denied* 84 NY2d 1032; *People v Gould*, 198 AD2d 856, *lv denied* 83 NY2d 805). (Appeal from Judgment of Wayne County Court, Parenti, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Green, J. P., Pine, Lawton, Doerr and Boehm, JJ.