◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE BULLOCK, Appellant. [649 NYS2d 898] —Judgment unanimously affirmed. Memorandum: Defendant contends that the suppression court's findings that his mother invited the police into her home and thus that the police had a legitimate right to be there when they took defendant into custody are contrary to the weight of the evidence. We disagree. Although conflicting testimony was presented concerning what defendant's mother said when the police entered the home, County Court's resolution of that credibility issue is entitled to considerable weight, and we perceive no basis in this record to disturb it (*see, People v Prochilo,* 41 NY2d 759, 761). (Appeal from Judgment of Monroe County Court, Connell, J.—Robbery, 1st Degree.) Present—Lawton, J. P., Fallon, Wesley, Balio and Davis, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN H. STABLEY, Appellant. [649 NYS2d 593] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of six counts of burglary in the third degree and four counts of criminal mischief in the fourth degree. By failing to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant has failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see, People v Lopez,* 71 NY2d 662, 665; *People v Ayala,* 226 AD2d 1127, *lv denied* 88 NY2d 964). "This is not one of those 'rare cases' in which 'defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt' " (*People v Ayala, supra,* at 1128, quoting *People v Lopez, supra,* at 666).

The imposition of consecutive terms of incarceration is not illegal (*see,* Penal Law § 70.25 [2]; *People v Justice,* 202 AD2d 981, 982, *lv denied* 83 NY2d 968). Defendant committed separate and distinct offenses. They are not part of a "single act" but are discrete acts, impacting different victims (Penal Law § 70.25 [2]). Lastly, we conclude that the contention of defendant that the sentence is unduly harsh or severe is without merit. (Appeal from Judgment of Ontario County Court, Harvey, J.—Burglary, 3rd Degree.) Present—Lawton, J. P., Fallon, Wesley, Balio and Davis, JJ.