■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRADY L. THOMPKINS, Appellant. [650 NYS2d 406] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered May 3, 1994, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant pleaded guilty to robbery in the second degree as charged in an indictment. The charge stems from allegations

that defendant, while displaying what appeared to be a gun in a bag, forcibly stole property from a store clerk in the Village of Horseheads, Chemung County. Defendant unpersuasively argues that his counsel's failure to timely seek dismissal of the indictment pursuant to CPL 190.50 (5) (c) denied him meaningful representation (*see, People v Lasher*, 199 AD2d 595, *lv denied* 83 NY2d 855). During the plea colloquy, defendant informed County Court that he was under the influence of drugs and alcohol when the crime took place and had no recollection of being near the crime scene or committing the crime. After inquiring into these assertions, County Court eventually accepted his plea. Defendant contends on appeal that County Court should not have proceeded with the plea without first apprising him that lack of intent is a defense to the crime and confirming that defendant was indeed waiving such a defense.

When a claim concerning a plea allocution has not been preserved by either a motion to withdraw the plea (*see, CPL 220.60*) or a motion to vacate the judgment of conviction (*see, CPL 440.10*), it is a rare case when the defendant may challenge the sufficiency of the allocution on direct appeal (*see, People v Lopez*, 71 NY2d 662, 666; *People v Trathen*, 227 AD2d 734). When the allocution "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez, supra*, at 666), the trial court has a duty to ensure that the defendant understands the charges facing him and is intelligently entering the plea. Only when the trial court fails in this inquiry may a defendant challenge the allocution on direct appeal (*see, supra*). Here, the record is clear as to the voluntariness of defendant's plea. Throughout the allocution he repeatedly indicated his desire to plead guilty. Moreover, there is nothing in any of defendant's statements which "clearly casts significant doubt" on his guilt (*supra*, at 666). Defendant's statements corroborate the evidence against him and so act to bolster, rather than question, his guilt. For example, defendant admitted to having owned, and no longer having, the sweatshirt found by police shortly after the robbery. Defendant was aware of the weight of the evidence against him and made no attempt to challenge that evidence.

In any event, even if this record was sufficient to trigger County Court's obligation to make further inquiry of defendant, the court here met its requirements under *People v Lopez* (*supra*). County Court conducted a detailed questioning of defendant concerning his desire to plead guilty. The court made defendant aware of his right to go to trial, the burden of proof

faced by the People, his right to call witnesses on his own behalf and the consequences of his guilty plea. Defendant indicated that he understood his rights and still wished to plead guilty. Under the circumstances, County Court fulfilled its obligation to ensure that defendant understood the charges and was intelligently entering into the plea (*see, People v Lopez, supra; People v Smith*, 146 AD2d 828, *lv denied* 74 NY2d 669). In our view, neither defendant's inability to remember the events in question due to his use of drugs and alcohol nor the fact that he was motivated, at least in part, to plead guilty by a desire to limit any prison term is a ground to invalidate his plea (*see, People v Claudio*, 183 AD2d 945).

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.