■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NESTMAN, Appellant. [658 NYS2d 145] —Carpinello, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered March 29, 1995, convicting defendant upon his plea of guilty of two counts of the crime of murder in the second degree.

After traveling from New York City to the Town of Wallkill in Ulster County with a friend, defendant shot and killed his father, William Nestman, and his father's neighbor, Douglas Pfleger. Defendant and his friend then burglarized the victims' residences and fled in Pfleger's vehicle back to New York City.

---

Defendant was subsequently apprehended and charged in a 12-count indictment with the crimes of murder in the second degree, burglary in the first degree, burglary in the second degree, robbery in the first degree, conspiracy in the second degree, conspiracy in the fourth degree and criminal possession of stolen property. Prior to trial, defendant pleaded guilty to two counts of murder in the second degree in full satisfaction of the charges contained in the indictment and was sentenced to two concurrent terms of 20 years to life in prison. Defendant appeals, contending that the allocution made to County Court at the time he entered his guilty plea was insufficient and that, therefore, his plea should be vacated and the judgment of conviction reversed.

Initially, we note that inasmuch as defendant did not move to withdraw his plea or vacate the judgment of conviction, he has not preserved for appellate review his challenge to the sufficiency of the plea allocution (*see, People v Lopez*, 71 NY2d 662, 665; *People v Stabley*, 233 AD2d 958, *lv denied* 89 NY2d 930; *People v Mayo*, 222 AD2d 858, *lv denied* 87 NY2d 975). Nevertheless, were we to consider defendant's claim, we would find it to be without merit. While defendant asserts that the necessary element of intent was absent because he stated that he went to Wallkill for the purpose of stealing electronics equipment from Pfleger's residence and that the killings were not intentional, our review of the transcript of the plea allocution as a whole reveals that the element of intent was satisfactorily established.

The element of intent was established by defendant's affirmative responses to the court's recitation of the statutory elements of the crimes of murder in the second degree (*see, e.g., People v Everett*, 146 AD2d 950; *People v Jerome*, 142 AD2d 889, *lv denied* 72 NY2d 1046). Furthermore, his intent could be inferred from his admissions, including his candid description of the manner in which he shot the victims in the head with a rifle and made off with their belongings (*see, People v Coluccio*, 170 AD2d 523, 524, *lv denied* 77 NY2d 993; *People v Brown*, 160 AD2d 1039, 1040; *People v Bankowski*, 134 AD2d 768, 770; *see also, People v Benjamin*, 210 AD2d 702, *lv denied* 86 NY2d 790). Defendant's fleeting statements to the effect that the killings were unintentional were self-serving and designed to minimize his culpability. They do not render the allocution insufficient under the circumstances presented.

Likewise, we find that County Court's colloquy with defendant during the plea allocution adequately apprised defendant of the ramifications of pleading guilty. Defendant's responses

demonstrated an understanding of the court's admonitions and, consequently, we conclude that his guilty plea was knowingly, voluntarily and intelligently entered (see, People v Fiumefreddo, 82 NY2d 536, 546-547; People v Hoffman, 210 AD2d 995, 996, lv denied 84 NY2d 1032; People v Brown, supra, at 1040; People v Sickler, 117 AD2d 880, 881, lv denied 67 NY2d 1057). We have considered defendant's remaining claims and find them to be without merit.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.