■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN H. MURPHY, JR., Also Known as SAM MURPHY, Appellant. [663 NYS2d 378] —Peters, J. Appeal from a judgment of the County Court of Fulton County (Feldstein, J.), rendered December 4, 1996, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree (two counts), assault in the first degree (two counts) and criminal use of a firearm in the first degree.

Defendant pleaded guilty to attempted murder in the second degree (two counts), assault in the first degree (two counts) and criminal use of a firearm in the first degree as charged in an indictment. At sentencing, defendant moved to withdraw his plea on the grounds that it was not knowing and voluntary because he felt rushed and that he was denied effective assistance of counsel. County Court denied his motion and sentenced him in accordance with the plea agreement. Defendant appeals.

When an allocution "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666), it is incumbent upon the trial court "to ensure that the defendant understands the charges facing him and is intelligently entering the plea" (*People v Thompkins*, 233 AD2d 759, 760). During the plea allocution, defendant indicated that he did not intend to cause death to anyone. A review of the plea minutes reveals

that when County Court was confronted with defendant's statement, which cast significant doubt on defendant's guilt, the court suspended the plea proceedings and advised defendant that it could not accept his plea unless he was guilty of each element of the crimes charged. After conferring with defense counsel "at length", and upon further inquiry by County Court, defendant unequivocally admitted to every element of the crimes charged.

Moreover, before accepting defendant's plea, County Court advised him of the rights he was forfeiting by entering into a guilty plea and specifically asked if there were any viable defenses he wished to assert. Defendant denied being coerced or threatened into entering the guilty plea and admitted that he was entering a voluntary plea, having answered all of the questions truthfully. Under these circumstances, we find that defendant entered a knowing, intelligent and voluntary guilty plea after sufficient inquiry by the court (*see, People v Lopez, supra*, at 667-668; *People v Nestman*, 239 AD2d 701, 702-703) and that County Court did not abuse its discretion in denying defendant's motion to withdraw his plea (*see, People v Minor*, 241 AD2d 577).

To the extent defendant contends that he received ineffective assistance of counsel, we find that, viewed in totality and as of the time of representation, defendant received meaningful representation (*see, People v Rafter*, 234 AD2d 711, *lv denied* 89 NY2d 1014; *People v Polanco*, 216 AD2d 957, *lv denied* 86 NY2d 800).

Mercure, J. P., Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed.