■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH L. WASHINGTON, SR., Appellant. [693 NYS2d 254] —Mercure, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered July 13, 1998, convicting defendant upon his plea of guilty of the crimes of assault in the second degree (four counts) and endangering the welfare of a child.

Defendant was indicted on charges of assault in the second degree (four counts) and endangering the welfare of a child arising out of an altercation with his girlfriend, which resulted

in the girlfriend being burned by hot grease from a frying pan and her young child being cut by dishes thrown by defendant. When the People offered to recommend the shortest possible sentence if defendant pleaded guilty to the charges, defendant indicated a willingness to do so. Confronted with a defendant who appeared to be of limited intelligence, County Court conducted a thorough colloquy to ensure that defendant, who was represented by counsel, understood the charges, his rights and the effect of a guilty plea, and to ensure that his decision to plead guilty was voluntary. Satisfied with defendant's responses, the court asked defendant if he wanted to plead guilty because he was guilty and defendant replied, "No." The court then terminated the plea proceeding and set a trial date.

Shortly thereafter, defendant again appeared with counsel to go forward with the plea bargain and County Court conducted an inquiry similar to that conducted during the prior proceeding. The court then began to inquire into the circumstances which resulted in the burns to defendant's girlfriend. When defendant's responses indicated that he viewed the incident as an accident, the court explained that if it was an accident, defendant was not guilty. Defense counsel thereafter advised the court that he had discussed the matter with defendant and requested that the court rephrase the question. The court did so and defendant admitted that he had caused his girlfriend to be burned by hot grease and that he did it on purpose. Defendant also admitted throwing dishes which hit the young child who was with the girlfriend, causing a cut over the child's eye. The court accepted the plea and sentenced defendant in accordance with the plea bargain.

On appeal, defendant contends that County Court erred in accepting his plea. In the absence of a motion to withdraw the plea or vacate the judgment of conviction, a defendant's right to challenge the sufficiency of the allocution on direct appeal is limited to those circumstances where the court accepts a plea without further inquiry after the allocution clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea (*see, People v Thompkins*, 233 AD2d 759, 760). The record establishes that County Court responded appropriately when defendant's allocution raised a question of his guilt. The court terminated the initial plea proceeding when defendant stated that he was not guilty. During the subsequent plea proceeding, defendant's statement that his girlfriend was burned accidentally cast significant doubt on his guilt of assaulting his girlfriend with hot grease, but defense counsel's assurance that he had discussed the mat-

ter with defendant and defendant's responses to the court's subsequent questions removed that doubt (*see, People v Murphy*, 243 AD2d 954, *lv denied* 91 NY2d 835). Based upon the court's prompt appropriate response to the limited area of uncertainty created by defendant's allocution, and considering the ample evidence in the record that defendant's plea was knowingly, intelligently and voluntarily entered, the judgment must be affirmed (*see, People v Lopez*, 71 NY2d 662, 667-668; *People v Mayo*, 222 AD2d 858, *lv denied* 87 NY2d 975).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.