■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. VALENTI, Appellant. [696 NYS2d 89] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome

County (Mathews, J.), rendered September 11, 1998, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree (two counts) and burglary in the third degree.

Defendant's plea of guilty relates to three separate incidents wherein, without permission, he entered several premises and took assorted property. Sentenced to concurrent prison terms of 1½ to 3 years on each attempted burglary in the second degree conviction and 1 to 3 years on the burglary in the third degree conviction, defendant appeals.

First, we reject defendant's contention that County Court lacked jurisdiction over him because his waiver of indictment was invalid. For such "a waiver * * * to be valid, 'a local criminal court [must have] held the defendant for the action of a grand jury' " (*People v Mitchell*, 235 AD2d 834, 835, *lv denied* 89 NY2d 1038, quoting CPL 195.10 [1] [a]). Defendant maintains that the People failed to follow the established procedure in securing defendant's waiver of his constitutional right to indictment, because there was no indication on the divestiture forms that he had been held for the Grand Jury and no evidence of any orders from the three local criminal courts which allegedly held defendant for the action of the Grand Jury. We conclude, however, that the statute was sufficiently complied with for, as to each charge, "defendant [was] arrested and arraigned in a local criminal court prior to executing the waiver[s]" (*id.*, at 835), "the order[s] approving the waiver[s] of indictment explicitly state[d] that defendant was held for action by the Grand Jury" (*People v Mitchell*, 243 AD2d 1005, *lv denied* 91 NY2d 928; *People v Windley [Omar]*, 228 AD2d 875, 876, *lvs denied* 88 NY2d 991, 997) and the record of the plea proceeding reflects County Court's satisfaction with the waivers (*see*, *People v Chad S.*, 237 AD2d 986, *lv denied* 90 NY2d 856). Those waivers, signed by defendant, expressly acknowledged that defendant was held for the action of a Grand Jury; such an instrument is itself evidence of a valid waiver (*see*, NY Const, art I, § 6; *People v Boston*, 75 NY2d 585, 588).

Likewise, we reject defendant's contention that County Court should not have accepted his plea with respect to two of the charges because during his plea allocution, he indicated that he had permission to enter the premises he was alleged to have burglarized, thus negating a required element of those offenses (*see*, Penal Law §§ 140.20, 140.25 [2]). A review of the plea proceedings reveals that, in response to these assertions by defendant, County Court made appropriate inquiries regard-

ing the extent of the alleged permission given to defendant in relation to the specific incident charged. Initially, we note that, having failed to otherwise preserve the claim by either a motion to withdraw the plea pursuant to CPL 220.60 or a motion to vacate the judgment of conviction pursuant to CPL 440.10, defendant is precluded from challenging the allocution on direct appeal (*see, People v Lopez*, 71 NY2d 662, 666; *People v Thompkins*, 233 AD2d 759, 760). In any event, none of defendant's statements " 'clearly casts significant doubt' " on his guilt (*People v Thompkins, supra*, at 760, quoting *People v Lopez, supra*, at 666). Further, it is manifest from the record that defendant's plea was voluntary and that County Court took care to advise defendant of the necessary elements of the crimes charged, his rights in regard thereto and the consequences of his guilty pleas. In short, the pleas were properly accepted by County Court (*see, People v Murphy*, 243 AD2d 954, 955; *People v Thompkins, supra*, at 760-761).

Given our resolution of the foregoing, we find no merit to defendant's claim—based as it is in large measure on counsel's allowing defendant to plead guilty without having pressed the claim he has advanced here—that his counsel was ineffective. To further pursue either of these claims would have been frivolous. Beyond that, it is worth noting that counsel secured a favorable plea agreement which included the dismissal of other pending felony charges (*see, People v Feliciano*, 240 AD2d 903). We have examined defendant's remaining contentions and find them lacking in substance.

Mikoll, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.