■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH OCASIO, Appellant. [697 NYS2d 368] —Spain, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered March 2, 1998, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant entered a plea of guilty to the crime of robbery in the first degree under Penal Law § 160.15 (1) in full satisfaction of a four-count indictment charging him with that crime as well as burglary in the first and second degrees and criminal possession of stolen property. The conduct underlying the charges relates to two different incidents occurring in 1997 in which defendant accompanied his codefendants to the home of the same elderly victim and one or more codefendants entered her home and forcibly stole property from her. County Court sentenced defendant, as promised, to an indeterminate term of 9 to 18 years' imprisonment. Defendant appeals.

---

Defendant's challenge to the sufficiency of the plea allocution is unpreserved, as defendant neither moved to withdraw his guilty plea nor moved to vacate the judgment of conviction (*see, People v Lopez*, 71 NY2d 662, 665; *People v George*, 261 AD2d 711; *People v Chappelle*, 250 AD2d 878, *lv denied* 92 NY2d 894). However, defendant contends that his factual recitation during the plea allocution negated essential elements of the crime to which he was pleading guilty, i.e., robbery in the first degree (*see*, Penal Law § 160.15 [1]) as charged in count one. It has been recognized that where a trial court accepts a guilty plea after defendant's factual recitation negates an essential element of the crime, thereby casting significant doubt on defendant's guilt, defendant may challenge the sufficiency of the allocution on direct appeal despite the failure to make a postallocution motion (*see, People v Lopez, supra*, at 666; *People v Espinoza*, 253 AD2d 983, 983-984; *see also, People v Washington*, 262 AD2d 868, 869).

Penal Law § 160.15 (1) provides that a person is guilty of robbery in the first degree "when he forcibly steals property and when, in the course of the commission of the crime or immediate flight therefrom, he or another participant in the crime * * * [c]auses serious physical injury to any person who is not a participant in the crime". Count one charged defendant with acting in concert with others, i.e., as an accomplice, which required that defendant acted with the requisite mens rea for the crime charged (*see*, Penal Law § 20.00). A review of the plea allocution reveals that defendant admitted accompanying his codefendants to the victim's house in a car on October 5, 1997 and waiting outside while one of the codefendants went inside, and that her house was in fact burglarized; however, defendant stated that he was under the impression, based upon what his codefendants told him, that they were going to the victim's home to complete a drug deal and that he did not know what had actually occurred, i.e., a robbery, until after the fact. For defendant to be guilty of the crime to which he was pleading guilty, he must have acted with larcenous intent, i.e., with intent to deprive the victim of property or to appropriate property for oneself or another (*see*, Penal Law §§ 20.00, 155.00 [3]; § 155.05 [1]; § 160.00; *People v Flayhart*, 72 NY2d 737, 741; *People v Jennings*, 69 NY2d 103, 118). While defendant was not required to recite the facts establishing every element of the charged offense (*see, People v Medina*, 262 AD2d 708, 709-710, *People v Santos*, 247 AD2d 651, *lv denied* 92 NY2d 905), defendant's statements denying knowledge that his codefendants intended to steal from the victim effectively negated an essential element of the crime to which he pleaded, namely,

that he acted with the mental culpability necessary to satisfy Penal Law § 160.15 (1), i.e., larcenous intent (*see*, Penal Law § 155.05 [1]; *People v Flayhart, supra*, at 741), and that he intentionally aided in the robbery (*see*, Penal Law § 20.00).

The Court of Appeals has held that where, as here, "defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered" (*People v Lopez, supra*, at 666; *see, People v Beasley*, 25 NY2d 483, 487-488; *People v Serrano*, 15 NY2d 304, 309). Here, defendant's statement negating that he acted with the requisite mens rea for the crime pleaded to, which cast significant doubt upon his guilt and indicated his misapprehension of the nature of the charges, apparently went unnoticed by County Court and no further inquiry was conducted pertaining to defendant's criminal intent (or knowledge of his codefendants' purpose) (*see, People v Espinoza, supra; cf., People v Lopez, supra*, at 667-668; *People v Valenti*, 264 AD2d 904; *People v Washington*, 262 AD2d 868, *supra*; *People v Murphy*, 243 AD2d 954, *lv denied* 91 NY2d 835). Indeed, "[n]o questions were asked about defendant's participation in the crime, nor was there any discussion of the facts involved" (*People v Beasley, supra*, at 488; *see, People v Serrano, supra*, at 309-310) so as clarify that defendant understood "the nature of the charge[ ]" (*People v Beasley, supra*, at 488).

Although County Court made some further inquiries of defendant, none of them were even remotely sufficient to determine that the plea was entered intelligently and with knowledge of the nature of the charge and with the requisite criminal intent (*see, id.; see also, People v Serrano, supra; cf., People v Lopez, supra*, at 667-668; *People v Nestman*, 239 AD2d 701, *lv denied* 90 NY2d 908). Further, defendant's intent could not be otherwise inferred from his account of what transpired (*cf., People v Nestman, supra*, at 702). The fact that defendant signed a "statement of plea" indicating that he wished to plead guilty to robbery in the first degree, that he was pleading guilty of his own free will and that he knew his "plea of guilty is an admission that [he] committed the crime to which [he] now plead[s] guilty" demonstrates only the voluntariness of defendant's plea and in no way ensured that defendant understood "the nature of the charge" or that the plea was "intelligently entered into" (*People v Lopez, supra*, at 666). While there is no "mandatory catechism" (*People v Beasley, supra*, at 488) to fulfill the trial court's duty of "further inquiry"

where the defendant's factual recitation negates or is inconsistent with an essential element of the crime—such as defendant's criminal intent (*see, People v Lopez, supra*, at 666-668), at a minimum the record of the subsequent plea proceedings must reflect that defendant's expressed misapprehension of the nature of the charges was corrected or explained, or that defendant's responses to the court's subsequent questions removed the doubt about defendant's guilt (*see, id.*, at 666; *People v Serrano, supra*, at 310; *People v Washington, supra*, at 869-870; *People v Murphy, supra*, at 954-955).

While the prosecution may well possess evidence from which a jury could infer defendant's larcenous intent and intentional aiding in this robbery (*see, e.g., People v Truesdell*, 70 NY2d 809; *People v Jackson*, 44 NY2d 935; *People v Johnston*, 182 AD2d 707, *lv denied* 80 NY2d 833), defendant's statements at the plea were inconsistent with and negated these elements. Accordingly, the issue of the sufficiency of defendant's plea falls within the narrow exception to the preservation requirement, and defendant's plea must be vacated and the matter remitted to County Court (*see, People v Lopez, supra*, at 666-668).

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, defendant's plea of guilty to the crime of robbery in the first degree is vacated and matter remitted to County Court of Washington County for further proceedings not inconsistent with this Court's decision.