■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE CHAPPLE, Appellant. [704 NYS2d 163] —Graffeo, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered January 25, 1999, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant, an inmate, was indicted on charges of sexual abuse in the first degree, promoting prison contraband in the first degree, assault in the second degree, unlawful imprisonment and menacing in the second degree in connection with an incident in which defendant allegedly pushed a female correction officer into a storage cabinet and assaulted her while brandishing a homemade knife. In satisfaction of the five-count indictment, defendant entered a plea of guilty to assault in the second degree and the People agreed not to pursue persistent violent felony offender status and recommended a determinate sentence of not more than seven years. Defendant also waived his right to appeal.

Subsequent to the entry of his plea and during his presentence interview, defendant asserted that he and the victim had been having an affair at her instigation. At sentencing, defense counsel advised County Court of defendant's protestation of innocence, but no formal motion to vacate or withdraw the plea was made. After permitting defendant to make a statement and noting defendant's previous responses during the plea allocution, County Court proceeded to sentence defendant to seven years in prison. Defendant now appeals contending that his plea of guilty was not knowingly and voluntarily made, that he was denied the effective assistance of counsel and for permission to withdraw his plea of guilty in the interest of justice.

Despite his waiver of the right to appeal, defendant may challenge the voluntariness of his plea (*see, People v Seaberg*, 74 NY2d 1, 10). However, in this case, County Court engaged in a thorough colloquy regarding defendant's rights to be waived or forfeited by the entry of a guilty plea and defendant affirmatively responded to each inquiry, acknowledging that he had a sufficient opportunity to consult with his attorney, he was not being forced or coerced to enter a plea, and he was not under the influence of alcohol, drugs or medication. Defendant was initially reluctant to admit to all of the elements of the crime, apparently because he believed that he had done nothing which he viewed as serious. Thus, of the several acts of

violence alleged in the indictment, he would admit only to twisting the victim's arm behind her back, causing her substantial pain. To the extent that the allocution cast doubt on defendant's guilt, the court's comprehensive questioning constituted a prompt and adequate response to the limited scope of uncertainty and the record demonstrates that the plea was knowingly, intelligently and voluntarily entered (*see, People v Washington*, 262 AD2d 868, *lv denied* 93 NY2d 1029).

Furthermore, defendant's protestations of innocence in the course of the presentence investigation and again at sentencing did not affect the voluntariness of his plea. Defendant's claim of an affair with the correction officer had been previously asserted in his pretrial omnibus motion, which County Court found to be unsupported by any sworn allegations of fact and without substantial merit. When, after having knowingly and voluntarily entered a guilty plea, defendant again raised this claim without any evidentiary support, County Court did not err in imposing sentence without conducting a further inquiry and defense counsel cannot be faulted for failing to formally move to vacate the plea. As there was sufficient factual basis for defendant's plea and that plea was knowingly and voluntarily entered, a subsequent unsubstantiated claim of innocence is insufficient to warrant a vacatur of the plea (*see, People v Davis*, 250 AD2d 939, 940).

We have reviewed defendant's remaining contentions and find them lacking in merit.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.