■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHENYELL O. SMITH, Appellant. [710 NYS2d 404] —Peters, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered May 20, 1999, convicting defendant upon her plea of guilty of the crimes of assault in the first degree and criminal possession of a weapon in the second degree.

Defendant pleaded guilty to assault in the first degree and criminal possession of a weapon in the second degree in satisfaction of a six-count indictment with the understanding that she was waiving her right to appeal and would be sentenced to an aggregate prison term of 10 to 20 years. County Court sentenced defendant in accordance with the plea agreement and this appeal ensued.

We affirm. Defendant contends that County Court erred in accepting her guilty plea without first inquiring into statements she made during the plea allocution which raised potential defenses and negated essential elements of the crimes to which she was pleading guilty. Because defendant failed to move to withdraw her guilty plea or to vacate her judgment of conviction, she is precluded from challenging the sufficiency of the plea allocution unless it can be established that defendant's statements clearly cast significant doubt on her guilt (*see, People v Alicea*, 264 AD2d 900, *lv denied* 94 NY2d 876) or raised a possible defense (*see, People v Osgood*, 254 AD2d 571, 572-573), and that County Court's inquiry into any such statements was not adequate to ensure that defendant understood the nature of the charges and the defenses she was waiving by pleading guilty (*see, People v Thompkins*, 233 AD2d 759, 760).

Here, contrary to defendant's contention, her statement that the victim was "in [her] face wanting to argue and fight", but then turned away before she shot him in the back, did not implicate the potential defense of justification (*see generally, People v Counts,* 214 AD2d 897, *lv denied* 86 NY2d 792, 800; *People v Reese,* 167 AD2d 761, *lv denied* 77 NY2d 881). Moreover, there is nothing in the plea allocution to indicate that defendant may have been entitled to the defense of temporary innocent possession of a weapon (*see, People v Gonzalez,* 262 AD2d 1061, *lv denied* 93 NY2d 1018; *People v Hanley,* 227 AD2d 144). Therefore, County Court was under no obligation to ascertain whether defendant was voluntarily waiving these defenses (*see, People v Hicks,* 201 AD2d 831, 832, *lv denied* 83 NY2d 911). In addition, when defendant expressed uncertainty as to whether she intended to cause serious physical injury to the victim and suggested after the court accepted her guilty plea that the shooting may have been accidental, County Court engaged in a colloquy with defendant which ensured that the essential elements of the crime of assault in the first degree had been satisfied (*see, People v Washington,* 262 AD2d 868, *lv denied* 93 NY2d 1029; *People v Saitch,* 260 AD2d 724, *lv denied* 93 NY2d 1006). Under these circumstances, defendant is precluded from challenging the sufficiency of her plea allocution.

Finally, by waiving her right to appeal as part of the plea agreement, defendant forfeited her right to challenge the sentence imposed as harsh and excessive (*see, People v Hidalgo,* 91 NY2d 733; *People v Johns,* 267 AD2d 718, 719). In any event, were we to review the argument, we would conclude that County Court did not abuse its discretion in imposing the agreed-upon sentence and that no extraordinary circumstances warrant our intervention (*see, People v Farrar,* 52 NY2d 302, 306; *People v Walker,* 266 AD2d 727, 728).

Crew III, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.