■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORREL T. BLANCHARD, Appellant. [712 NYS2d 655] —Peters, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered January 8, 1999, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant pleaded guilty to the crime of driving while intoxicated as a felony in full satisfaction of the charges against him and was sentenced to an indeterminate term of 1⅓ to 4 years in prison. Defendant appeals contending that his sentence is illegal in that he was erroneously sentenced as a second felony offender without a hearing.

Initially, we note that defendant's waiver of his right to appeal does not encompass the right to challenge the legality of his sentence (*see, People v Johns,* 267 AD2d 718, *lv denied* 94 NY2d 949; *People v Shriay,* 240 AD2d 783, *lv denied* 91 NY2d 880). In any event, defendant's contention is without merit inasmuch as there exists no evidence in the record that he was sentenced as a second felony offender. Here, the sentence imposed in connection with the class E felony falls within the statutory parameters for first-time felony offenders (*see,* Penal Law § 70.00 [2] [e]; [3] [b]; *see also, People v Smalley,* 268 AD2d 609, *lv denied* 94 NY2d 953). Moreover, a review of the plea proceedings indicates that the discussion concerning defendant's prior felony conviction for driving while intoxicated was

not for sentencing purposes, but rather to determine whether defendant committed a felony pursuant to Vehicle and Traffic Law § 1193 (1) (c) (i).

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.