■ The People of the State of New York, Respondent, v Eric Ward, Appellant. [725 NYS2d 418] —Mercure, J. P. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered November 29, 1999, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

On this appeal from the judgment of conviction rendered

upon his plea of guilty of the crime of robbery in the second degree, defendant contends that his plea allocution is insufficient in that it fails to demonstrate the factual basis for the physical injury element of the crime and that, therefore, County Court erred in accepting his plea. Inasmuch as defendant failed to move either to withdraw the plea or to vacate the judgment, the issue of the sufficiency of the plea allocution has not been preserved for appellate review (*see, People v Lopez*, 71 NY2d 662, 665). Misapprehending the narrow exception to the preservation rule recognized in *People v Lopez* (*supra*), defendant contends that the absence of a factual basis for his allocution of the physical injury element of robbery in the second degree casts doubt upon his guilt of that crime. The *Lopez* exception applies where a defendant's factual recitation casts significant doubt on his guilt by negating an essential element of the crime (*see, id.*, at 666), "not where the sufficiency of the articulation of the element is challenged" (*People v Vonderchek*, 245 AD2d 979, 980, *lv denied* 91 NY2d 945). In light of County Court's explanation regarding the element of physical injury and defendant's admission that, during the course of the robbery, he kicked the victim in the face while the victim was lying on the ground, thereby causing physical injury to the victim, there is no basis for further appellate review of defendant's claim (*compare, People v Smith*, 272 AD2d 782, *lv denied* 95 NY2d 871; *People v Medina*, 262 AD2d 708, *lv denied* 93 NY2d 1023, *with People v Ocasio*, 265 AD2d 675).

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.