■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW CLAVIE, Appellant. [812 NYS2d 196]—

Rose, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered November 23, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

Defendant pleaded guilty to criminal possession of a weapon in the second degree in full satisfaction of a three-count indictment and was thereafter sentenced in accordance with the negotiated plea agreement to a prison term of 3½ years. He now appeals.

Defendant's challenge to the voluntariness of his guilty plea has not been preserved for our review, given that he failed to move to withdraw the plea or vacate the judgment of conviction (*see People v Rivera*, 20 AD3d 763, 764 [2005]; *People v Cash*, 19 AD3d 934, 935 [2005]). To the extent that defendant's initial denial of any intent to use the weapon against a person casts doubt on his guilt and invokes an exception to the preservation rule (*see People v Lopez*, 71 NY2d 662, 666 [1988]), County Court conducted a further inquiry of defendant and his counsel that removed any such doubt (*see People v Castillo*, 11 AD3d 305, 305-306 [2004], *lv denied* 4 NY3d 742 [2004]; *People v Chapple*, 269 AD2d 621, 622 [2000], *lv denied* 94 NY2d 917 [2000]). In any event, the record reflects that defendant was made aware of the statutory presumption of intent (*see* Penal Law § 265.15 [4]) that would have to be overcome and he knowingly chose to accept a favorable plea offer rather than risk conviction after trial. This presumption and defendant's admissions were sufficient to establish his guilt to the charge of criminal possession of a weapon in the second degree (*see People v Berry*, 5 AD3d 866, 868 [2004], *lv denied* 3 NY3d 637 [2004]). Finally, were we to consider it, we would find the plea to be knowing, voluntary and intelligent (*see People v Scott*, 12 AD3d 716, 717 [2004]; *People v Chapple, supra* at 622; *People v Washington*, 262 AD2d 868, 869-870 [1999], *lv denied* 93 NY2d 1029 [1999]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.