The People of the State of New York, Respondent, 
against
Gregory White, Appellant.



Appeal from a judgment of the City Court of New Rochelle, Westchester County (Gail B. Rice, J.), rendered November 17, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a forged instrument in the third degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint with criminal possession of a forged instrument in the second degree (Penal Law § 170.25). The felony charge was reduced (see CPL 180.50 [3] [a] [iii]) to a charge of criminal possession of a forged instrument in the third degree (Penal Law § 170.20), a class A misdemeanor. At the plea proceeding, with the aid of counsel, defendant acknowledged that he had reviewed and signed a waiver of rights form, and pleaded guilty to the charge of criminal possession of a forged instrument in the third degree. This court previously held defendant's appeal from the judgment of conviction in abeyance, upon a finding that the Anders brief (Anders v California, 386 US 738 [1967]) filed by defendant's prior counsel was inadequate, and new counsel was assigned to prosecute the appeal (42 Misc 3d 140[A], 2014 NY Slip Op 50210[U]).
On appeal, defendant now alleges that he never waived his right to be prosecuted by an information and that the information is jurisdictionally defective.
The right to be prosecuted by an information survives a guilty plea (see People v Hansen, 95 NY2d 227, 232 [2000]), and a waiver of the filing of an information cannot be presumed from a silent record (see People v Weinberg, 34 NY2d 429 [1974]). A waiver may be manifested in writing or by an express oral statement, or may be implied from circumstances that compel the conclusion that the defendant, represented by counsel, acquiesced in the prosecution of the charge on a misdemeanor complaint (see People v Connor, 63 NY2d 11, 14 [1984]; see also CPL 170.65; People v Ackridge, 16 Misc 3d 127[A], 2006 NY Slip Op 52596[U] [App Term, 9th & 10th Jud Dists 2006]). Here, defendant stated that he had reviewed the misdemeanor waiver of rights form with counsel before he signed it, and that he had no questions that he wanted to ask of the court regarding its contents. As the form contained a waiver of defendant's right to be prosecuted by an information, defendant sufficiently manifested his intention to waive his right to be tried by an information. Thus, in our evaluation of the sufficiency of the accusatory instrument, the standards we apply are those that relate to a misdemeanor complaint (People v Dumay, 23 NY3d 518, 524 [2014]).
A misdemeanor complaint must "set forth facts that establish reasonable cause to believe that the defendant committed the charged offense" (People v Dumay, 23 NY3d at 522), and provide "the defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy' " (Dumay, 23 NY3d at 524, quoting People v Dreyden, 15 NY3d 100, 103 [2010]). " Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it" (CPL 70.10 [2]).
The accusatory instrument charges defendant with criminal possession of a forged instrument in the third degree. Penal Law § 170.20 provides that "[a] person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument." Here, the factual allegations contained in the complaint—that defendant, with knowledge, possessed a forged check drafted so as to appear to be legitimately drawn on the checking account of a third party in the sum of $7,321.04, and that defendant did present and deposit the check into his personal bank account in order to gain access to the funds—provide reasonable cause to believe that defendant committed the offense charged. Thus, defendant was provided with sufficient notice to prepare a defense, and the allegations were adequately detailed to prevent defendant from being tried twice for the same offense (see People v Casey, 95 NY2d 354, 360 [2000]).
Next, defendant contends that his plea must be vacated because it was not entered voluntarily, knowingly and intelligently. Ordinarily, to preserve the issue of the factual insufficiency of a plea allocution, a defendant must move in the lower court either to withdraw his guilty plea pursuant to CPL 260.10 (1), or to vacate the judgment of conviction pursuant to CPL 440.10 (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Rampersaud, 121 AD3d 721 [2014]; People v Fisher, 119 AD3d 813 [2014]; People v Hutson, 309 AD2d 1255 [2003]; People v Brown, 34 Misc 3d 143[A], 2012 NY Slip Op 50096[U] [App Term, 9th & 10th Jud Dists 2012]). A narrow exception to this preservation rule applies in the rare case "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (Lopez, 71 NY2d at 666). Thus, if the "defendant's factual recitation negates an essential element of the crime pleaded to," and the lower court accepts the plea "without making further inquiry to ensure that [the] defendant understands the nature of the charge and that the plea is intelligently entered . . . . the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made" (Lopez, 71 NY2d at 666 [citations omitted]; see People v Conceicao, 26 NY3d 375 [2015]).
Here, defendant's statement during the plea allocution that he did not know that the instrument was forged effectively negated an essential element of the crime and cast significant doubt upon the voluntariness of the plea. However, the court recognized the problem, stopped the proceedings, and had defendant discuss the plea with his attorney. The record of the subsequent plea allocution reflects that defendant's initial expression negating the intent element of the crime charged was corrected; defendant's responses to subsequent questioning removed any doubt about his guilt and the voluntariness of his plea before the court accepted his plea (see Lopez, 71 NY2d at 666; People v Serrano, 15 NY2d 304, 310 [1965]; People v Washington, 262 AD2d 868, 869—870 [1999]; People v Murphy, 243 AD2d 954, 954—955 [1997]). 
We have reviewed defendant's remaining contentions and find them to be without merit.
Accordingly, the judgment of conviction is affirmed.
Marano, P.J., Iannacci and Tolbert, JJ., concur.
Decision Date: April 07, 2016