The People of the State of New York, Respondent,
against
Daniel Brooks, II, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Curtis J. Farber, J.), rendered May 15, 2013. The judgment convicted defendant, upon his plea of guilty, of assault in the third degree.




ORDERED that the judgment of conviction is affirmed.
Defendant, while represented by counsel, pleaded guilty to assault in the third degree (Penal Law § 120.00 [1]) in satisfaction of an accusatory instrument charging him with that offense as well as with criminal mischief in the fourth degree (Penal Law § 145.00 [1]), menacing in the third degree (Penal Law § 120.15), harassment in the second degree (Penal Law § 240.26 [1]), and resisting arrest (Penal Law § 205.30). The Criminal Court sentenced defendant to 20 days' incarceration in the same proceeding. On appeal, defendant contends that his guilty plea should be vacated since he did not enter into it knowingly, voluntarily, or intelligently, particularly when he had proclaimed his innocence in a prior proceeding and where he ultimately allocuted to facts at variance with those contained in the accusatory instrument. 
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013] [internal citations omitted]; see also People v Conceicao, 26 NY3d 375, 381 [2015]). However, a narrow exception to the preservation requirement has been recognized where the particular circumstances of a case reveal that the defendant had no actual or practical ability to object to an alleged error in the taking of a plea that is clear from the face of the record (see People v Williams, 27 NY3d 212, 219-223 [2016]; People v Louree, 8 NY3d 541, 546 [2007]). Here, although defendant did not move to withdraw his plea or to vacate the judgment of conviction, since he was sentenced in the proceeding in which he entered his plea of guilty, he "faced a practical inability to move to withdraw [his] plea" (Conceicao, 26 NY3d at 382). Therefore, defendant's claim is reviewable on a direct appeal from the judgment of conviction (see People v Sougou, 26 NY3d 1052, 1054 [2015]).
In order to be valid, a guilty plea must be entered voluntarily, knowingly and intelligently (see People v Mox, 20 NY3d 936 [2012]; People v Hill, 9 NY3d 189, 191 [2007]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]). A plea is voluntary if it represents a choice freely made by the defendant among legitimate alternatives (see North Carolina v Alford, 400 US 25, 31 [1970]; People v Hale, 93 NY2d 454, 463 [1999]), and voluntariness is determined by [*2]consideration of all of the relevant circumstances (see Brady v United States, 397 US 742, 749 [1970]; Conceicao, 26 NY3d at 382). So long as the record as a whole "affirmatively disclose[s] that a defendant who pleaded guilty entered his plea understandingly and voluntarily," the plea will be upheld (People v Harris, 61 NY2d 9, 19 [1983] [internal quotation marks omitted]; see also Conceicao, 26 NY3d at 379; People v Tyrell, 22 NY3d 359, 366 [2013]).
The record reveals that, when the Criminal Court was confronted with the fact that, in a prior plea proceeding, defendant had insisted that he was innocent, the court suspended the subsequent plea proceeding until after defense counsel had sufficiently discussed the plea agreement with defendant. As a result, the court responded appropriately to remove any doubt about defendant's guilt and the voluntariness of his plea before the court would allow him to enter into it (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Serrano, 15 NY2d 304, 310 [1965]; People v Washington, 262 AD2d 868 [1999]; People v Murphy, 243 AD2d 954 [1997]). The record further demonstrates that, when the case was re-called, defense counsel, again in the presence of defendant, notified the court of defendant's desire to enter into a plea of guilty to assault in the third degree. Following this proclamation, the court not only confirmed with defendant that he wanted to plead guilty, but also asked him whether he had discussed the matter fully with his attorney and whether he was satisfied with his attorney's representation. The court further inquired whether defendant believed that his attorney had investigated all viable defenses, the stated subject of defendant's concern at the prior proceeding. The court then confirmed that defendant was pleading guilty freely and voluntarily, that no one had forced him to do so, and that nothing aside from the sentence had been promised to him in exchange for entering into the plea. Defendant assured the court that he wanted to plead guilty, and he also admitted to the facts underlying the charge to which he pleaded guilty. The record further reveals that defense counsel continued to speak with defendant during the allocution. Thus, the record of the plea allocution reflects that defendant's claim of innocence at a prior proceeding was fully addressed. Defendant's responses to the court's questioning, combined with defense counsel's assurances that she had fully discussed the matter with defendant, removed any doubt about his guilt and the voluntariness of his plea, before the court accepted it (see Lopez, 71 NY2d at 666; Serrano, 15 NY2d at 310; Washington, 262 AD2d at 869-870; Murphy, 243 AD2d at 954-955). Consequently, the court fulfilled its obligation to ensure that defendant entered into the guilty plea understandingly and voluntarily (see People v Rich, 10 AD3d 739 [2004]; People v Carrasquillo, 291 AD2d 238 [2002]; People v Pemberton, 268 AD2d 236 [2000]; People v Thompkins, 233 AD2d 759 [1996]).
As to defendant's contention pertaining to the factual allocution, "[i]t is settled law that while a factual basis inquiry is one means of assuring that a plea of guilty is voluntary and intelligent, it is not a constitutional requirement" (People v Winbush, 199 AD2d 447, 448 [1993]). As a result, a plea of guilty will be sustained in the absence of a factual recitation of the underlying circumstances of the crime if there is no suggestion that the plea of guilty was improvident or baseless (see Winbush, 199 AD2d at 448; People v Lowe, 149 AD2d 939 [1989]; People v Richardson, 114 AD2d 980 [1985]; People v Nance, 110 AD2d 857 [1985]). Here, after conferring with defense counsel at length, and upon further inquiry by the court, defendant unequivocally admitted to every element of the crime to which he pleaded guilty (see Penal Law § 120.00 [1]). Although the court misstated one of the alleged facts contained in the accusatory instrument, defendant nevertheless admitted that he had shoved the complainant causing him bruising and a dislocated finger, which was sufficient to sustain a conviction for assault in the third degree. Consequently, reviewing the record "as a whole and the circumstances of the plea in its totality" (Sougou, 26 NY3d at 1055), there was an affirmative showing that defendant's plea was "a voluntary and intelligent choice among the alternative courses of action open to . . . defendant" (North Carolina, 400 US at 31; see also People v Legault, 180 AD2d 912 [1992]).
Accordingly, the judgment of conviction is affirmed.
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: January 24, 2017